**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Olin PETTY et al., Appellees.**

No. 16815.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 20, 1967.

Rehearing Denied Feb. 17, 1967.

Second Motion for Rehearing Denied March 17, 1967.

Simon, Crowley, Wright, Ratliff & Miller, and Wayne A. Rohne, Fort Worth, for appellant.

Jacobs, Lipscomb & Renfro, and Kelly Jacobs, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

Reference is made to Petty v. Texas Employers' Insurance Association, 401 S.W.2d 678 (Fort Worth Tex.Civ.App., 1966, writ ref. n. r. e.).

As will be noticed therefrom claimant Olin Petty received judgment for specific compensation under the Texas Workmen's Compensation Act of and from Texas Employers' Insurance Association. Claimant believed himself entitled to greater compensation benefits under the statute's provision for general compensation. For that reason he took an appeal. He failed to prevail and the trial court's decree of an award in money based upon specific compensation became final.

The insurance company was at all times satisfied with the judgment rendered in the case. It made a tender of the amount of the judgment, plus interest to date of the tender. Its tender, however, was conditioned upon its receipt of a release of judgment. Delivery into the registry of the court was never effected and the insurance company retained use of money tendered.

Upon claimant's fruitless exhaustion of appellate procedure he procured a Writ of Execution in amount of his judgment plus interest to date of such writ. The insurance company delivered to the levying officer the identical amount previously tendered claimant. Claimant then secured a Writ of Execution for the deficiency. Amount thereof was the difference in the amount received under the first levy and the amount calculable because of interest accrued between the time the insurance company made tender conditioned upon receipt of claimant's release and the date writ was issued. The insurance company filed suit for injunction to prevent levy of such execution, on the theory that the judgment against it stood fully paid and satisfied.

Following hearing on the merits of the suit for permanent injunction the trial court rendered judgment in denial of the relief sought. An appeal was perfected to this court.

During pendency of the appeal the claimant again sought to collect the deficiency under Writ of Execution. The insurance company applied to this court for a Writ of Injunction *pendente lite*, which it later withdrew. It then paid off the balance contended to be owing according to claimant.

Claimant, as appellee, has filed a motion to dismiss the appeal. The insurance company, as appellant, has answered in resistance to the motion. Claimant contends that the appeal is moot. The insurance company contends that the question of whether it was obligated to pay the "deficiency" in question is before the court for determination.

Adverting to the pleadings before the trial court it is noted in the prayer of the insurance company that a part of the relief there sought was: "that this court determine that all sums due on said judgment have been paid and that same is fully satisfied and released; * * *."

 Apparently the insurance company's position is that its action still lives as a suit for declaratory judgment. We have concluded that it does not. According to the claimant/appellee, the total amount owed has been paid. In the trial court no part of the action of the insurance company/appellant was to recover back any sum erroneously or improperly exacted of it. We cannot view the action before the trial court as having been for restitution. To do so would be to unreasonably distort the pleadings of the insurance company so as to make them fit a possible cause of action which was not in existence at time of trial before the court below. That trial, and its incidents, would be all we have authority to consider in the exercise of our appellate jurisdiction. The "deficiency" in issue below is no longer a matter of controversy in view of its payment. The subject matter there litigated has ceased to exist. The appeal is moot.

Appeal is dismissed.

RENFRO, J., not participating.

## ON MOTION FOR REHEARING

MASSEY, Chief Justice.

Appellant's motion for rehearing is overruled.

Therein appellant states that if this Court is holding that the only remedy would be by suit to recover back any sum erroneously or improperly exacted of appellant we should have dismissed the appeal without prejudice to the filing and prosecution of such an action. In disposing of the case presented to us it is not necessary to make any holding relative to what remedy, if any, would be proper to be pursued. It would, however, be unfair to so dispose of the appeal that appellant might be foreclosed from seeking by another action the relief to which it believes itself entitled.

Our dismissal of the appeal is without prejudice to the filing and prosecution of further action by the appellant Texas Employers' Insurance Association.