(October 2, 1913.)

CHARLES M. BAILLIE, Respondent, v. THE CITY OF WALLACE, a Municipal Corporation, Appellant.

[135 Pac. 850.]

PERSONAL INJURIES—SIDEWALKS—OBSTRUCTIONS OF—POWER AND DUTY OF CITIES OVER—ORDINANCE—NOTICE OF OBSTRUCTION—CONSTRUCTIVE NOTICE—STRUCTURES OVER SIDEWALKS.

  1. Incorporated cities and towns of this state possess a double character, the one governmental, legislative or public, and the other in a sense proprietary or private.

  2. Under the provisions of sec. 1, art. 12, of the state constitution, it is provided that an incorporated city or town may make and enforce within its limits all such local, police, sanitary and

other regulations as are not in conflict with its charter or the general laws of the state.

3. Under the provisions of sec. 81 of an act providing for the government of cities and villages (Sess. Laws 1899, p. 208), the city council, or board of trustees, is given the care, supervision and control of all public highways, streets, bridges, alleys, etc., within the city or village, and it is therein provided that they shall cause the same to be kept open and in repair and free from nuisance.

4. Under the provisions of subd. 23 of sec. 2238, Rev. Codes, the city council may by ordinance or by-law provide for the removal of all obstructions from sidewalks, curbstones, etc., at the expense of the person placing them there, and the 25th subdivision of said section provides that ordinances may be enacted to prevent and remove all encroachments on and into all sidewalks, streets, etc.

5. *Held*, under the statutes of this state that power is conferred upon municipal corporations in respect to streets within their limits, and that it is their duty to keep them in a reasonably safe condition for use by travelers in the usual mode of travel, and that they are liable in damages for injuries resulting from the neglect of such duty, and this rule extends not only to the surface of the street or sidewalk but also to structures over them.

6. As to whether the city had constructive notice of the extension of said sign over the sidewalk was a question for the jury.

7. *Held*, that the evidence is sufficient to show that the city had constructive notice of the existence of said sign.

8. *Held*, that the city is liable in the first instance for permitting private parties negligently to place signs over the sidewalk or street, and that the corporation or person who places such obstructions over the sidewalk is liable to the city for whatever damages it has to pay for such unlawful acts.

9. As to what was the proximate cause of the plaintiff's injury was a question presented to the jury, and from their verdict they found that the proximate cause of the injury was the plaintiff's head coming in contact with said sign.

APPEAL from the District Court of the First Judicial District for Shoshone County.  Hon. W. W. Woods, Judge.

Action to recover for personal injuries sustained by the plaintiff by reason of an obstruction over the sidewalk in the city of Wallace.  Judgment for plaintiff.  *Affirmed.*

J. E. Gyde and Featherstone & Fox, for Appellant.

It is not made the defendant city's duty to perform the governmental function of removing obstructions from the sidewalks or preventing or removing all encroachments upon or into sidewalks, but the power is simply vested in the city to enact ordinances or by-laws for these purposes. (4 Dill. Mun. Corp., 5th ed., sec. 1627, and cases there cited; *Marth v. City of Kingfisher,* 22 Okl. 602, 98 Pac. 436, 18 L. R. A., N. S., 1238; *Wheeler v. City of Plymouth,* 116 Ind. 158, 9 Am. St. 837, 18 N. E. 532; *Hines v. City of Charlotte,* 72 Mich. 278, 40 N. W. 333, 1 L. R. A. 844; *Dooley v. Town of Sullivan,* 112 Ind. 451, 2 Am. St. 209, 14 N. E. 566; *Culver v. City of Streator,* 130 Ill. 238, 22 N. E. 810, 6 L. R. A. 270; *McDade v. Chester City,* 117 Pa. 414, 2 Am. St. 681, 12 Atl. 421; *Loth v. Columbia Theatre Co.,* 197 Mo. 328, 94 S. W. 847.)

The authority vested in the city to enact an ordinance to remove the sign was a governmental power and the failure to enact, or even if enacted to enforce, would not render the city liable by reason of any injury caused through such failure. (*Dyer v. City of Danbury,* 85 Conn. 128, 81 Atl. 958, 39 L. R. A., N. S., 405, Ann. Cas. 1913A, 784.)

Objects which have no necessary connection with the sidewalk or relation to public travel, and the danger from which arises from casual proximity and not from the purpose of traveling thereon, will not render the sidewalk defective. (*Hixon v. City of Lowell,* 13 Gray (79 Mass.), 59; *McLoughlin v. Philadelphia,* 142 Pa. 80, 21 Atl. 754; *Loth v. Columbia Theatre Co., supra; Dyer v. City of Danbury, supra; Hanrahan v. City of Chicago,* 145 Ill. App. 38.)

The sign in question was not such a defect that a reasonably careful and observing man would notice. How, then, can it be said that it was such a patent defect as to impart notice to the city? (*City of Fremont v. Dunlap,* 69 Ohio St. 286, 69 N. E. 561.)

"A municipality is not an insurer against all defects, latent as well as patent, but its liability is for negligence." (28

Cyc. 1394, and authorities cited; *Cook v. Anamosa*, 66 Iowa, 427, 23 N. W. 907; *Otto Tp. v. Wolf*, 106 Pa. 608.)

The sign in question, if a defect at all, was such an obscure defect that it would not impart constructive notice to any officer. All that is required is that the city keep its streets and walks in a reasonably safe condition. (*Miller v. Village of Mullan*, 17 Ida. 28, 104 Pac. 660, 19 Ann. Cas. 1107.)

A municipality is not guilty of neglect for every act of omission which would constitute negligence on the part of an individual. (*Moreton v. Village of St. Anthony*, 9 Ida. 532, 75 Pac. 262.)

There can be no recovery for injuries which might have been caused by several different agencies, some of which defendant was not responsible for, without proof of what was the cause of the injury. (*Kenneson v. West End St. Ry. Co.*, 168 Mass. 1, 46 N. E. 114; *Shore v. American Bridge Co.*, 111 Mo. App. 278, 86 S. W. 905; *Meehan v. Great Northern Ry. Co.*, 13 N. D. 432, 101 N. W. 183; *Musbach v. Wisconsin Chair Co.*, 108 Wis. 57, 84 N. W. 36; *Nickey v. Steuder*, 164 Ind. 189, 73 N. E. 117; *Searles v. Manhattan Ry. Co.*, 101 N. Y. 661, 5 N. E. 66.)

John P. Gray, Frank McCarthy and Therrett Towles, for Respondent.

The city of Wallace is a municipal corporation organized under the general laws which granted to municipal corporations exclusive control over the streets, avenues and alleys within its corporate limits, and this court has expressly held such a municipal corporation liable for damages for its negligence in the leading case of *Carson v. City of Genesee*, 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862. (See, also, *Moreton v. Village of St. Anthony*, 9 Ida. 532, 75 Pac. 262; *Village of Sandpoint v. Doyle*, 11 Ida. 642, 83 Pac. 598; *Eaton v. City of Weiser*, 12 Ida. 544, 118 Am. St. 225, 86 Pac. 541; *Powers v. Boise City*, 22 Ida. 286, 125 Pac. 194; *Giffen v. City of Lewiston*, 6 Ida. 231, 55 Pac. 545; *McLean v. City of Lewiston*, 8

Ida. 472, 69 Pac. 478; *City of Denver v. Dunsmore,* 7 Colo. 328, 3 Pac. 705.)

"The city is not absolved from liability for negligently permitting a dangerous awning to overhang the street, by the fact that the council has failed to pass an appropriate ordinance for the removal and abatement of nuisances, obstructions or encroachments upon the streets." (*Bohen v. City of Waseca,* 32 Minn. 176, 50 Am. Rep. 564, 19 N. W. 730; *Leary v. City of Yonkers,* 95 App. Div. 126, 88 N. Y. Supp. 829.)

This duty is not confined entirely to obstructions upon the walk, but also applies as well to everything hanging over the walk that may render such travel unsafe. (*Larson v. City of Grand Forks,* 3 Dak. 307, 19 N. W. 414; *Talbot v. City of Taunton,* 140 Mass. 552, 5 N. E. 616.)

It is not necessary for the appellant to show that the city or any of the authorities of the city had actual notice of the obstruction. It was a question for the jury to say whether, under the circumstances of the case, the obstruction was of such a dangerous character and had remained in the position it was at the time of the injury to Mr. Baillie a sufficient time to put the city upon notice that the same was dangerous. (*Powers v. Boise City, supra; James v. City of Seattle,* 68 Wash. 359, 123 Pac. 472; *Miller v. City of Mullan,* 17 Ida. 28, 104 Pac. 660, 19 Ann. Cas. 1107; *Bailey v. City of Winston,* 157 N. C. 252, 72 S. E. 966; *Kunz v. City of Troy,* 104 N. Y. 344, 58 Am. Rep. 508, 10 N. E. 442.; *Weed v. Village of Ballston Spa,* 76 N. Y. 329, 330; *Schroth v. City of Prescott,* 68 Wis. 678, 32 N. W. 621; *Fortin v. East Hampton,* 145 Mass. 196, 13 N. E. 599; *City of Covington v. Johnson,* 24 Ky. Law Rep. 602, 69 S. W. 703; *Larson v. City of Grand Forks,* 3 Dak. 307, 19 N. W. 414; *Dondono v. City of Indianapolis,* 44 Ind. App. 366, 89 N. E. 421; *City of Louisville v. Michels,* 24 Ky. Law Rep. 1375, 71 S. W. 511; *Manchester v. City of Hartford,* 30 Conn. 118; *City of Springfield v. Doyle,* 76 Ill. 202; *Schweickhart v. St. Louis,* 2 Mo. App. 571; *Dundas v. City of Lansing,* 75 Mich. 499, 13 Am. St. 457, 42 N. W. 1011,

5 L. R. A. 144; *Saulsburg v. City of Ithaca,* 94 N. Y. 27, 46 Am. Rep. 122.)

If the defect is obvious and open to common observation, the municipality is charged with constructive notice of a defect in a highway. (*Campbell v. City of Kalamazoo,* 80 Mich. 655, 45 N. W. 652; *City of Madison v. Baker,* 103 Ind. 41, 2 N. E. 236; *Bellamy v. City of Atlanta,* 75 Ga. 167; *City of Warsaw v. Dunlap,* 112 Ind. 576, 11 N. E. 623, 14 N. E. 568.)

If the city did not have actual notice of the defect in the public way,—if, in the exercise of ordinary care it could have discovered the defect, it is liable. (*Lyon v. City of Logansport,* 9 Ind. App. 21, 35 N. E. 128; *City of Columbia v. Langhor,* 20 Ind. App. 395, 50 N. E. 831; *City of Indianapolis v. Mitchell,* 27 Ind. App. 589, 61 N. E. 947; *Michigan City v. Ballance,* 123 Ind. 334, 24 N. E. 117; *City of Anderson v. Fleming,* 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119; *Town of Fairfax v. Giraud,* 35 Okl. 659, 131 Pac. 159.)

It was for the jury to say what was the proximate cause of the injury to the respondent. (*Baillie v. City of Wallace,* 22 Ida. 702, 127 Pac. 908; *Milwaukee & St. Paul R. Co. v. Kellogg,* 94 U. S. 469, 24 L. ed. 256; *Adams v. Bunker Hill etc. Min. Co.,* 12 Ida. 639, 89 Pac. 624, 11 L. R. A., N. S., 844; *Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9.)

If two verdicts have been returned in the same action for the same sum, the second will not be disturbed. (4 Sutherland on Damages, 3d ed., p. 3670; *McDonald v. Postal Tel. Co.,* 22 R. I. 131, 46 Atl. 407.)

SULLIVAN, J.—This action was brought by the respondent against the city of Wallace, a municipal corporation, to recover for certain damages alleged to have been sustained by the wrongful and negligent act of the city in permitting the Northern Express Co. to maintain a metallic sign attached to a building, which sign was suspended over the sidewalk so low that respondent, while walking on the street, struck his head against it and was injured.

The answer denied in effect every allegation of the complaint except the corporate existence of the city, the existence

of the sidewalk and the attachment of the sign to the building in question by the Northern Express Co.

The cause was tried by the court with a jury and resulted in a verdict and judgment for the plaintiff in the sum of $4,000 and costs. A motion for a new trial was denied, and this appeal is from the judgment and order denying a new trial.

This case was once before this court. (See *Baillie v. City of Wallace,* 22 Ida. 702, 127 Pac. 908.) On that appeal the only question presented was whether the trial court abused its discretion in granting a new trial. The action of the trial court was sustained and a new trial had, and this appeal arises from the judgment rendered on the second trial of the cause.

A number of errors are assigned which are grouped and discussed under four heads, the first of which is that the complaint does not state facts sufficient to constitute a cause of action.

In this action the plaintiff seeks to recover from the city for injuries alleged to have been received by reason of his coming in contact with the Northern Express Company's metallic sign which was attached to private property by the express company. Said sign was one foot, two inches wide and extended over the sidewalk about thirteen inches, the lower edge of which was placed at a height of five feet, ten and seven-eighths inches above the surface of the sidewalk, so that the space between the surface of the sidewalk and the lower edge of the sign was five feet and ten and seven-eighths inches.

The city is not charged with placing said sign on the building; the only charge against the city is that it permitted the sign to remain attached to the building over the sidewalk. There is no allegation that the city had actual notice of the sign's being attached to the building, but it is alleged that the city, by the exercise of reasonable diligence, could have discovered that it was so attached, and it is contended by appellant that if the sign in question were a defect in said street or over said sidewalk, it was not a defect for which the city could

be held liable, and if said sign were not a defect over the sidewalk for which the city could be held liable, the complaint does not state a cause of action, for the gravamen of this action is the neglect of the city in permitting said sign to remain attached to said building in such a manner as to extend over the sidewalk.

It is argued that said city possesses a double character, the one governmental, legislative or public, and the other in a sense proprietary or private. This court so held in *Eaton v. City of Weiser*, 12 Ida. 544, 118 Am. St. 225, 86 Pac. 541. Sec. 2, art. 12, of the constitution, provides that an incorporated city or town may make and enforce within its limits all such local, police, sanitary or other regulations as are not in conflict with the charter or the general laws of the state. And it is contended if the sign in question were a menace to the traveling public, it was within the power of the city to enact ordinances providing for its removal, under the provisions of said section of the constitution, unless restrained from doing so by general law.

The provisions of sec. 81 of an act of the legislature providing for the government of cities and villages (Sess. Laws 1899, p. 208) is in part as follows: "The city council, or board of trustees, shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares and commons within the city, or village, and shall cause the same to be kept open and in repair and free from nuisance." Thus the city is given absolute power and control over its streets and sidewalks.

The 23d subd. of sec. 2238, Rev. Codes, provides that a city council may by ordinance or by-law provide for the removal of all obstructions from sidewalks, curbstones, gutters, etc., at the expense of the person placing them there, etc., and the 25th subd. of said section provides that ordinances may be enacted to prevent and remove all encroachments upon and into all sidewalks, streets, etc. It is argued from those provisions that the regulation for the attachment of signs by private persons to private property over a sidewalk is a governmental function, and that the regulation of the

manner in which signs shall be attached by private parties to private property extending over the sidewalk is as much a governmental function as the regulation by ordinance of fast driving in the street or as the licensing of the liquor traffic, etc.; that there is no duty imposed upon the city to do these things, and all that the law provides is that the city may by ordinance or by-law do and regulate these things, such as the removal of obstructions from sidewalks, etc.; that it is not made the city's duty to perform the governmental function of removing obstructions from the sidewalk or the governmental function of preventing or removing all encroachments upon or into the sidewalk, but that the power is simply vested in the city to enact ordinances or by-laws for these purposes, and that there is no allegation in the complaint that the city of Wallace has enacted an ordinance providing for the removal of such obstructions; and that the complaint fails to state a cause of action for those reasons, and that the city is not liable for its failure to enact an ordinance for that purpose. Many authorities are cited in support of that contention.

We are aware that there is a diversity of opinion among the courts of last resort of this country upon the questions above suggested. But as we view it, the decision of this court in the case of *Carson v. City of Genesee,* 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862, settles the question of the liability of cities of this state for damages sustained by the negligence of the city in failing to keep its streets and sidewalks in proper repair. After reviewing the statutes of the state in regard to the liability of counties and cities in such matters, this court said:

"It will be seen from the foregoing that the power of cities and villages in this state over the streets is exclusive and unlimited, and the question therefore arises: Are their express or implied duties to the public and the individual commensurate with the powers granted them? It is conceded that there is no express statute in this state making municipal corporations liable in damages for negligence.

The only remaining question is: Can such liability be said to be implied?''

And the court then quotes a part of sec. 1494 of Beach on Pub. Corporations, as follows:

"The general rule is that under the powers usually conferred upon municipal corporations in respect to streets within their limits, it is their duty to keep them in a reasonably safe condition for use by travelers in the usual modes, and that they are liable in damages for injuries resulting from neglect of such duty; and this rule extends not only to the roadbed but also to the structures over it."

It will be observed from that quotation that the author says, "and this rule extends not only to the roadbed but also to the structures over it." There are a number of authorities cited in the brief of respondent which fully support that doctrine.

In the opinion in the Carson case, which was written by Mr. Justice Ailshie, many authorities are reviewed, and the conclusion is reached that the incorporated cities and towns of this state are liable for injuries resulting from the negligent failure to keep the streets and sidewalks in repair.

In *Powers v. Boise City,* 22 Ida. 286, 125 Pac. 194, this court held that cities in this state, incorporated under the general laws of Idaho, are liable for negligence in caring for their sidewalks and streets, and cites with approval former decisions of this court as follows: *Moreton v. Village of St. Anthony,* 9 Ida. 532, 75 Pac. 262; *Village of Sandpoint v. Doyle,* 11 Ida. 642, 83 Pac. 598, 4 L. R. A., N. S., 810; *Eaton v. City of Weiser,* 12 Ida. 544, 118 Am. St. 225, 86 Pac. 541; *Miller v. Village of Mullan,* 17 Ida. 28, 104 Pac. 660, 19 Ann. Cas. 1107.

It will be observed from the many decisions of this court that it uniformly has been held under the laws of this state that cities are liable for damages occasioned on account of the neglect of the cities to keep their streets and sidewalks in proper repair.

While we recognize the fact that a city possesses a double character, the one governmental, legislative or public, and the

other in a sense proprietary or private, a city is organized under the laws upon the application of its inhabitants, and after organization certain duties are imposed upon it by the general law for keeping its streets and sidewalks in proper repair and removing obstructions therefrom, and it cannot evade that responsibility by refusing to enact an ordinance for that purpose, and this court is in accord with decisions of other courts holding that doctrine.

In Dillon on Mun. Corp., 4th ed., sec. 1017, after reviewing many cases in previous sections, the author sums up the matter as follows:

"It may be fairly deduced from the many cases upon this subject referred to below and in the preceding sections and notes, that, in the absence of a statute expressly imposing the duty and declaring the liability, *municipal corporations proper,* having the powers ordinarily conferred upon them respecting bridges, streets and sidewalks within their limits, owe to the public the duty to keep them in a reasonably safe condition for use in the usual mode by travelers, and are liable in a civil action for special injuries resulting from neglect to perform this duty."

We therefore conclude that there is no merit in the contention that the city is not liable on the ground that it did not enact an ordinance providing for the removal of all obstructions over the sidewalk in said city, and it was not necessary to allege in the complaint that such an ordinance was enacted by the city, as the city is liable for injuries sustained by reason of its neglect to keep its streets in reasonable repair, even though an ordinance for that purpose had not been passed.

It is next contended that the sign of the Northern Express Company which the jury found caused the injury was not such a defect in the sidewalk or street that a reasonably careful and observing man would notice, and was not such a patent defect as to impart notice to the city.

It appears from the record that on September 16, 1911, the Northern Express Company occupied the building to which said sign was attached, and that company had attached it to

said building over the sidewalk, which sign was one foot and two inches wide and fifteen-sixteenths of an inch of the width was used in attaching it to the building, and the bottom of the sign was five feet, ten and seven-eighths inches above the level of the sidewalk. It was securely fastened to the side of the building and as it was placed five feet, ten and seven-eighths inches above the level of the sidewalk, a man of that height could pass under it without striking his head. The building to which it was attached fronted on Sixth street, in the city of Wallace, which street is one of the principal thoroughfares of said city, and was in the center of the business district, about midway between the postoffice and the courthouse, and between two national banks, and is on one of the most used streets in the city.

The question as to whether the city had constructive notice or any notice that said sign extended over the sidewalk was submitted to the jury, and they determined that the city had sufficient notice to make it liable. The fact that said sign extended over the sidewalk in a part of the city most traveled by the people and was permitted to remain for at least a month before the accident occurred was sufficient to justify the jury in holding that the city had constructive notice of the existence of said sign over the sidewalk. This court held in the case of *Powers v. Boise City, supra,* that the question of constructive notice was for the jury.

The negligence of the city is predicated (1) upon the failure of the city to keep its public streets and public way in a reasonably safe condition for persons lawfully traveling there in the usual modes; (2) its failure to prohibit and prevent obstructions being placed therein or suspended in its public ways or over sidewalks; (3) its failure to remove or cause to be removed all obstructions placed therein or suspended thereover so as to keep the public way safe at all times for travel; (4) its failure to require all signs or obstructions suspended over the sidewalks to be placed at such a height as to render travel thereon safe; and on the further ground of failure of duty to make frequent inspection and examination of its streets and public ways within its corpo-

rate limits so as to ascertain and know that such public highways and sidewalks are in a reasonably safe condition for travel.)

Said sign extended over said sidewalk from the side of the building only about thirteen inches, and had been there about one month prior to the accident. But very few people would travel so close to the building as to strike said sign, and any person under five feet ten and seven-eighths inches could pass under it without striking it; but since the jury have found by their verdict that it was an obstruction in the street and that the city had constructive notice of its existence, and as there is substantial evidence to support the verdict upon those questions, this court will not disturb said verdict. The sufficiency of notice to fasten liability upon a city for a defective sidewalk is a question of fact to be determined by a jury under all the circumstances surrounding the particular case. It is not essential that the corporation should have had actual notice. (*Town of Fairfax v. Giraud,* 35 Okl. 659, 131 Pac. 159.) (City officials charged with the duty of keeping the streets and sidewalks in repair must understand that if they neglect to do so and such neglect results in injury, the city is liable to the person injured, and such city officials ought to be watchful and vigilant in the discharge of their duties in that respect, not only to keep the surface of the streets and sidewalks in proper repair but the space above them, and signs, awnings and other projections over the sidewalk and street should be carefully looked after by the proper officers. While the city is liable in the first instance when it is negligent in such matters, the person or corporation that places such obstructions in or over the sidewalk or street is liable to the city for whatever damages it has to pay for such unlawful acts.)

The jury has found that the proximate cause of the injury to the plaintiff was caused by striking his head against said sign and not by reason of being struck on the head by the policeman. The rule is that what is the proximate cause of an injury is ordinarily a question for the jury. The evidence shows that the policeman struck the defendant over the head

two or three times, and it was for the jury to determine upon all of the evidence whether the defendant was injured, as alleged in his complaint, by reason of his head having come in contact with said sign or whether he was injured by the club of the policeman. As was stated by Chief Justice Bleckley in *Central R. R. Co. v. Rouse,* 77 Ga. 407, 3 S. E. 308: " 'Juries have no more important function than to solve mysteries.' The jury have solved this mystery to their own satisfaction. The trial judge has approved their solution, and we have no authority to interfere.''

So in the case at bar, the question was directly presented to the jury whether the proximate cause of the plaintiff's injury was occasioned by his coming in contact with the sign or whether it was done by the policeman's billy. They have solved that question and held that it was by reason of his having struck his head against said sign, and we are not inclined to interfere with the verdict, for the reason that there is substantial evidence to support it. In the case at bar, two juries have passed upon these questions, each finding that the city was liable.

It is suggested that the verdict of the jury is excessive. While we think it is large, we are not inclined to reduce it. The judgment must therefore be affirmed, with costs in favor of respondent.

Ailshie, C. J., and Stewart, J., concur.