543 P.2d 848

**Don C. SMITH, Plaintiff-Appellant,**

**v.**

**CITY OF PRESTON, a Municipal Corporation, Defendant-Respondent.**

No. 11852.

Supreme Court of Idaho.

Oct. 9, 1975.

Vern E. Herzog, Jr., of Anderson & Herzog, Pocatello, for plaintiff-appellant.

W. Marcus W. Nye, of Racine, Huntley & Olson, Pocatello, for defendant-respondent.

McQUADE, Chief Justice.

On September 27, 1973, plaintiff-appellant, Don C. Smith, (hereinafter appellant) sustained personal injuries and damage to his vehicle in an automobile accident at an intersection in the City of Preston, Idaho. The record discloses that appellant was travelling in an easterly direction on First East Street when he collided with another vehicle which was proceeding in a southerly direction on Second South Street. A stop sign existed on the southwest corner of the intersection of First East Street and Second South Street for the purpose of favoring the uninterrupted flow of north-southbound traffic on Second South Street. Appellant, without stopping entered the intersection at a rate of speed of approximately 15 miles per hour and was struck on the left side by a southbound vehicle. Appellant claimed he did not see the stop sign because it was poorly constructed, and obstructed by branches from an overhanging willow tree. He further claimed that his view of the intersection was obstructed by a large hedge on the northwest corner. Appellant had never driven on this roadway prior to the time of the accident.

An investigating officer, Officer Bert Gailey, arrived on the scene shortly after the accident occurred. After issuing a citation to appellant for failure to yield to a stop sign, he conducted an experiment to determine the visibility of the stop sign. Officer Gailey retraced appellant's course of travel in his patrol car and stopped at a point where he could clearly see the stop sign. The distance from where he stopped his patrol car to the sign was measured to be 69 feet. Officer Gailey also stated in his

deposition that the stop sign was visible approximately 30 feet earlier or roughly 100 feet from the sign. For the rest of the block (approximately 350 feet) the sign was not visible at all.

Appellant's daughter testified in her deposition that the following colloquy took place between Officer Gailey and herself at the police station, in the evening after the accident.

". . . and then this police officer stepped forward and said, "I am Officer Gailey." I said, "What is it that we need to do?" and he said, "I feel so bad about this accident," and I said, "So do I," and he said, "I went right down that street and your father could not see that sign," and he said, "There is a shrub on one side and then there is trees hanging down over the stop sign." He said, "I have been after the city of Preston for," I thought he said two years, but, anyway, a long time, "to take care of this situation, and now maybe they will do something." I said, "Well, then, what's the problem if it wasn't his fault?" and he said "Well, I still have to issue him a citation."

Appellant brought this action against defendant-respondent City of Preston (hereinafter respondent) alleging that respondent was negligent as a matter of law in its construction and maintenance of the stop sign; that as a direct and proximate result of this negligence he was unable to see the stop sign; and therefore he entered the intersection improperly and was injured. Respondent denied any actionable negligence, and further asserted that the accident was caused by the negligence of appellant, which was equal to or greater than any negligence on its part. Respondent filed a motion for summary judgment which was granted. The trial court in granting the motion ruled that:

(1) the construction of the stop sign while negligent per se because it did not comply with the Manual on Uniform Traffic Control Devices for Streets and Highways, was not the proximate cause of the accident and

(2) appellant's negligence or culpability was greater than that of respondent.

It is from the granting of respondent's motion for summary judgment that appellant brings this appeal. We reverse.

In *Straley v. Idaho Nuclear Corporation*,[1] this Court summarized the fundamental principles involved and general guidelines to be followed in determining the propriety of an order granting summary judgment:

"Summary judgment is properly granted when 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' (citations omitted) In determining whether any issue of material fact is in dispute, it is well settled that the facts should be liberally construed in favor of the party against whom summary judgment is sought. (citations omitted). In light of this rule, this court has held that summary judgment is improper when a conflict in affidavits respecting issues of fact exists, or when the relevant pleadings, depositions and affidavits raise any question of credibility of witnesses. (citations omitted) On the other hand, a mere scintilla of evidence will not create a genuine issue of material fact sufficient to preclude summary judgment. (citations omitted) On appeal from an order granting summary judgment, this court must construe the evidence presented to the district court liberally in favor of the party opposing the order and accord him the 'benefit of all inferences which might reasonably be drawn.' (citations omitted)"[2]

1. 94 Idaho 917, 500 P.2d 218 (1972).

2. Id. at 918–919, 500 P.2d at 219.

Upon a careful review of the record, and keeping in mind the applicable standards, we conclude that the order granting summary judgment cannot be sustained.

■ It has long been well established in this state that a municipality has a duty to exercise reasonable and ordinary care to keep its streets in a reasonably safe condition for ordinary travel.[3] A necessary corollary to this rule is the duty to maintain erected traffic control devices directing travel at intersections on these streets in a reasonably safe, visible and working condition.[4] Traffic control devices include signs and signals placed at or in the immediate vicinity of an intersection for the purpose of controlling the flow of traffic. Traffic lights and stop signs are obvious examples of such devices.

■ Once a traffic control device is installed by a municipality it has a duty to properly maintain it, so that pedestrians or motorists who come to or are entitled to depend upon it will not be endangered by its non-operation, or failure to properly convey its traffic message. A municipality may be held liable for accidents caused by its improperly maintained traffic control devices at intersections if it has notice, be it actual or constructive, that a traffic control device it installed at an intersection is either so obstructed or inoperative as not to afford a reasonably prudent pedestrian or motorist warning of the traffic condition, and if the other elements of actionable negligence are present. *Pearson v. Boise City.*[5]

■ Reviewing the record, we find the following factual issues to be in dispute.

(1) Whether the stop sign was so obscured by overhanging foliage as to prevent a motorist who was travelling on the street for the first time, within the posted speed limits, from observing it in sufficient time to come to a complete full stop?

(2) Whether the stop sign was so obscured as to impart a duty on respondent's part to maintain it?

(3) Whether respondent had actual notice of the obscured visibility of the sign, or whether constructive notice should be imputed to it as a result of actions taken by its agents or employees?

Resolution of each of these issues is material for determining the degree of negligence of the contesting parties, and should

3. *Carson v. City of Genesee,* 9 Idaho 244, 74 P. 862 (1903); *Eaton v. City of Weiser,* 12 Idaho 544, 86 P. 541 (1906); *Baillie v. City of Wallace,* 24 Idaho 706, 135 P. 850 (1913); *Hendrix v. City of Twin Falls,* 54 Idaho 130, 29 P.2d 352 (1934); *Pearson v. Boise City,* 80 Idaho 494, 333 P.2d 998 (1959); *Smith v. Sharp,* 82 Idaho 420, 354 P.2d 172 (1960); I.C. § 50–313.

4. *See Smith v. Sharp, supra* note 3; *Wagshal v. District of Columbia,* 216 A.2d 172 (D.C.Ct. App.1966); *Fanning v. City of Laramie,* 402 P.2d 460 (Wyo.1965); *Dudum v. City of San Mateo,* 167 Cal.App.2d 593, 334 P.2d 968 (1959); *Thorpe v. City and County of Denver,* 30 Colo.App. 284, 494 P.2d 129 (1971); *Arizona State Highway Department v. Bech-*told, 105 Ariz. 125, 460 P.2d 179 (1969); *Johnston v. City of East Moline,* 405 Ill. 460, 91 N.E.2d 401 (1950); *Brown v. State Highway Commission,* 202 Kan. 1, 444 P.2d 882 (1968); *Steurer v. Yuhasz,* 29 Conn.Sup. 352, 287 A.2d 643 (1972); *O'Hare v. City of Detroit,* 362 Mich. 19, 106 N.W.2d 538 (1960). *See* generally, 48 A.L.R.3d 1008 (1970) for a comprehensive discussion of this issue. For cases holding a city liable for injuries resulting from a failure to properly maintain traffic control devices under a "nuisance" theory see *Frankhauser v. City of Mansfield,* 19 Ohio St.2d 102, 249 N.E.2d 789 (1969); *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834, 165 S.E.2d 141 (1968).

5. *Supra,* note 3.

be left to a jury. As noted in *Fairchild v. Olsen:*[6]

"Questions of negligence are within the special competence of the jury because it is the jury's province to find the facts and to apply the reasonable man standard."

■ Furthermore, we note that there remains a question as to whether or not the poorly constructed stop sign was the proximate cause of the accident:

"Proximate cause is generally an issue for the jury unless the proof is so clear that reasonable minds cannot draw different conclusions or where all reasonable minds would construe the facts and circumstances in one way."[7]

In our view, reasonable minds could differ as to the proximate cause of the accident. A jury could reasonably find the proximate cause of the collision to be the failure of respondent to properly construct the stop sign. It is undisputed that the height of the stop sign did not comply with the specifications established in the Manual on Uniform Traffic Control Devices for streets and highways. Alternatively, a jury could find that appellant's failure to be more observant or his entering the intersection when it was not safe for him to do so was the proximate cause of the accident. Since reasonable minds could differ as to the proximate cause of the accident, the case should have been submitted to the jury.

Reversed and remanded. Costs to appellant.

McFADDEN, DONALDSON, SHEPARD, JJ., concur.

BAKES, J., concurs in the result.

6. 96 Idaho 338, 340, 528 P.2d 900, 902 (1974).

7. *Schaefer v. Elswood Trailer Sales*, 95 Idaho 654, 656, 516 P.2d 1168, 1170 (1973).