929 P.2d 120

**Lois A. HUGHES and Lois A. Hughes as natural guardian of Dawn M. Hughes, Plaintiffs–Respondents,**

v.

**STATE of Idaho, IDAHO DEPARTMENT OF LAW ENFORCEMENT, Richard Cade, Director, Craig D. Peterson and John Doe, Defendants–Appellants.**

No. 22162.

Supreme Court of Idaho.
Boise, September, 1996 Term.

Dec. 24, 1996.

**560**

McDevitt, Meyers & Thomsen, Pocatello, for appellants. Jerry R. Meyers argued.

John B. Kugler, Pocatello, for respondents.

TROUT, Justice.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

This appeal arose from a district court action for personal injury to Plaintiff–Respondent Dawn Hughes (Hughes). Hughes, an elementary school child, sustained injuries in September 1991 when a Chevrolet Blazer driven by Defendant–Appellant Craig Peterson (Peterson) struck her. Peterson was employed by the Department of Law Enforcement (Department), which owned the Blazer Peterson was driving at the time of the accident. According to Hughes' testimony, she was preparing to cross a residential street at the crosswalk when she crouched behind a Dodge Dart that was parked in a no parking zone and looked in the direction of oncoming traffic. Apparently, Hughes believed that no traffic was coming and stepped into the crosswalk. The right front corner of the Blazer struck Hughes when she was in the middle of the street. Hughes' mother filed suit against Peterson and the Department on Hughes' behalf.

A jury heard the case in March 1995 and found that the Department and Peterson were not in any way the proximate cause of the accident. After the trial, the Hugheses made a motion for new trial based on I.R.C.P. 59(a)(1), (2), (3), (6), and (7) and also made a motion for judgment NOV. The district court heard oral argument concerning the motions. The court denied the motion for judgment NOV but granted the motion for new trial, basing its reasons for granting the motion for new trial on three of the five grounds the Hugheses alleged. However, the district court did not rely in any way on the affidavit the Hugheses filed in support of their motion, nor did the court rely on the facts and particular grounds stated in the Hugheses' motion and affidavit. The Department appealed the district court's grant of a new trial, contending that the court abused its discretion.

■ Because the district court based its grant of a new trial on entirely different factual bases than the Hugheses asserted in support of their motion, it is important at the outset to note what this Court is not ruling on. This Court is not ruling on the Hugheses' motion for new trial and supporting affidavit because the affidavit clearly is defective and would not support a motion for new trial. Consequently, this Court is assuming that the district court likewise concluded that it would ignore the motion and affidavit and, instead, would make its own ruling in granting a new trial. The district court is entitled to do that pursuant to I.R.C.P. 59(d), provided it bases its grant of a new trial on some or all of the reasons listed in I.R.C.P. 59(a). *Smallwood v. Dick,* 114 Idaho 860, 761 P.2d 1212 (1988). While the district court did not refer specifically to I.R.C.P. 59(d), this Court interprets the district court's ruling as grounded in I.R.C.P. 59(d). Therefore, this Court will review the district court's ruling based upon the grounds the district court articulated as its basis for granting the new trial.

## II.

## TRIAL ISSUES

### A. Standard of Review

■ When considering an appeal from a district court's ruling on a motion for new trial, this Court applies the abuse of discretion standard. *Bott v. Idaho State Building Authority,* 122 Idaho 471, 835 P.2d 1282 (1992). This Court consistently has recognized the district court's wide discretion to grant or refuse to grant a new trial, and, on appeal, this Court will not disturb a district court ruling, absent a showing of manifest abuse of that discretion. *First Realty & Investment Co. v. Rubert,* 100 Idaho 493, 600 P.2d 1149 (1979). Although this Court necessarily must review the evidence, it primarily focuses on the process by which the district court reached its decision, not on the result of the district court's decision. *Quick v. Crane,* 111 Idaho 759, 727 P.2d 1187 (1986). Thus, the sequence of this Court's inquiry is:

(1) whether the district court correctly perceived the issue as one of discretion; (2) whether the district court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the district court reached its decision by an exercise of reason.

*Sun Valley Shopping Center v. Idaho Power,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

### B. Jury Misconduct—I.R.C.P. 59(a)(2)

The Department contends that the district court abused its discretion when it granted a new trial based upon the court's determination that the jury failed to follow instructions. In the district court's order granting a new trial, the court indicated that a trial court sits as a thirteenth juror and further stated that, in the court's opinion, the jury's determination of the percentages of negligence was incorrect. Apparently, the district court concluded that the jury committed some type of misconduct because the jury did not rule as the district court would have ruled.

■ When a party alleges jury misconduct as grounds for a new trial, there must be a showing that prejudice reasonably could have occurred. *Pacheco v. Safeco Insurance Company of America,* 116 Idaho 794, 780 P.2d 116 (1989); *Roll v. City of Middleton,* 115 Idaho 833, 771 P.2d 54 (Ct.App.1989). A district court granting a motion for a new trial must set forth its findings of prejudice and "state its reasons with particularity unless it is obvious from the record itself." *Quick,* 111 Idaho at 773, 727 P.2d at 1201. This particularly is important when a district court grants a new trial pursuant to I.R.C.P. 59(d), as a ruling under 59(d) necessarily does not require a supporting affidavit.

■ The difficulty with the district court's ruling under I.R.C.P. 59(a)(2) is that the court did not specify in what way the jury failed to follow instructions nor why it was misconduct on the part of the jury to find that the Department and Peterson were not negligent. Furthermore, the district court's statements relating to a trial court sitting as a thirteenth juror and weighing evidence are in error because they do not apply to an analysis under I.R.C.P. 59(a)(2), the ground on which the district court relied.

In *Quick v. Crane*, there is some broad language about the trial court's discretion to weigh evidence, consider credibility, and reach a conclusion different than the jury's decision, despite the existence of substantial evidence to support the jury verdict. *See Quick*, 111 Idaho at 766–68, 727 P.2d at 1194–96. However, the Court in *Quick* was addressing I.R.C.P. 59(a)(5) and 59(a)(6), and we do not find the same broad discretion afforded to the trial court under the other subparagraphs of I.R.C.P. 59(a). Consequently, the district court was obliged by I.R.C.P. 59(d) to specify the grounds for his ruling, and we conclude that the court's disagreement with the jury's determination of negligence was not a sufficient basis for finding misconduct of the jury. Thus, the district court acted outside the bounds of its discretion when it granted a new trial for jury misconduct.

## C. Accident or Surprise—I.R.C.P. 59(a)(3)

■ The district court also granted the Hugheses' motion for a new trial on the ground of accident or surprise. The district court found that Mrs. Hughes "inadvertently testified, in essence, that Defendant was covered by insurance" and that such testimony, although inadvertent, could have prejudiced the jury. It is the Department's position that the district court's ruling was an abuse of discretion because the testimony was not sufficiently prejudicial to warrant a new trial.

A motion for a new trial pursuant to I.R.C.P. 59(a)(3) is similar to a motion pursuant to I.R.C.P. 59(a)(2) in the sense that both must show prejudice. *See Westfall v. Caterpillar, Inc.*, 120 Idaho 918, 821 P.2d 973 (1991). However, a motion pursuant to I.R.C.P. 59(a)(3) also requires a showing that the alleged accident or surprise is one that "ordinary prudence could not have guarded against." I.R.C.P. 59(a)(3). It makes no sense to say that Mrs. Hughes was surprised by her own testimony and that her testimony could not have been prevented through the exercise of ordinary prudence. She certainly could have guarded against the statements about insurance coverage simply by not making them. Therefore, because Mrs. Hughes'

testimony could not have been a surprise, the grounds for granting a new trial pursuant to I.R.C.P. 59(a)(3) clearly were not met. Consequently, it is unnecessary for us to reach the issue of whether prejudice existed.

## D. Error in Law—I.R.C.P. 59(a)(7)

■ The Department asserts that the district court also abused its discretion when it granted a new trial on the ground of an error in law occurring during the trial. In granting the new trial, the district court reasoned that it should not have allowed Peterson to testify that, as a driver, he had not caused an automobile accident prior to the present incident. The court further explained that this testimony was not relevant and that it was sufficiently prejudicial to merit granting a new trial.

■ An error in the admission or exclusion of evidence is grounds for granting a new trial only if the denial of a new trial would be inconsistent with substantial justice. *Burgess v. Salmon River Canal Co., Ltd.*, 127 Idaho 565, 575, 903 P.2d 730, 740 (1995). Although we agree that the district court should not have allowed Peterson's testimony, it is difficult to see how Peterson's testimony led the jury to believe that Peterson did not breach his duty of care. Nonetheless, this Court consistently has deferred to the discretion of the district court, believing that the district court is in a better position to evaluate the demeanor and credibility of witnesses and to determine whether to grant a new trial where a prejudicial error in law has occurred. *See, e.g., Bott v. Idaho State Building Authority*, 122 Idaho 471, 476, 835 P.2d 1282, 1287 (1992); *Sherwood v. Carter*, 119 Idaho 246, 261–62, 805 P.2d 452, 467–68 (1991); *Mann v. Safeway Stores, Inc.*, 95 Idaho 732, 737, 518 P.2d 1194, 1199 (1974). Therefore, we defer to the district court because it was in the best position to determine whether or not Peterson's testimony was prejudicial, and we affirm the district court's granting of a new trial on this basis.

### E. Nonparty Tortfeasors On The Special Verdict Form

 Because we affirm the district court's grant of a new trial, we address an additional issue raised by the appellant. The Department contends that the district court should have included the City of Pocatello and the owner of the Dodge Dart on the verdict form. This Court has held that a nonparty tortfeasor should be included on a verdict form, provided sufficient evidence is presented regarding the nonparty's duty, a breach of the nonparty's duty, and a causal connection between the breach and the plaintiff's injury. *Hickman v. Fraternal Order of Eagles*, 114 Idaho 545, 758 P.2d 704 (1988).

The Department presented sufficient evidence that the City of Pocatello owed a duty to maintain the no parking zone at the intersection where Peterson's vehicle struck Hughes, *see Smith v. City of Preston*, 97 Idaho 295, 543 P.2d 848 (1975), and that the no parking zone on the curb in question may not have been maintained properly. The Department also presented evidence that the Dodge Dart was parked illegally, possibly because the no parking zone had not been maintained, and that this likely obstructed Peterson's view of the corner on which Hughes was standing. This Court has determined that everyone has a right to assume that others will obey the law. *See Holland v. Peterson*, 95 Idaho 728, 518 P.2d 1190 (1974). Consequently, we believe the Department presented sufficient evidence to indicate that the City of Pocatello and the owner of the Dodge Dart may have breached their duties, thereby contributing to Hughes' injury.

Based upon this evidence and the relevant case law, there was sufficient evidence for the jury, at least, to consider the negligence of these two nonparties when the jury apportioned negligence. Therefore, we hold that, on retrial, the City of Pocatello and the owner of the Dodge Dart should be included on the special verdict form.

### F. Attorney's Fees

 The Hugheses request attorney's fees resulting from the defense of this appeal, arguing that the Department and Peterson's appeal is frivolous, presented no bona fide arguments and advanced no authority. Respondents do not identify any particular conduct or arguments that they deem frivolous or unmeritorious, and we believe, on the contrary, that the Department and Peterson have asserted issues that deserved determination on appeal. I.C. Section 12–121 and Section 12–123. Thus, there is no basis for an award of attorney's fees to the Hugheses.

### III.

### CONCLUSION

The decision of the district court granting a new trial is affirmed on the basis that an error in law occurred during trial. On retrial, the district court is directed to include the City of Pocatello and the owner of the Dodge Dart on the special verdict form. We award costs on appeal to respondents.

McDEVITT, C.J., and JOHNSON and SILAK, JJ., concur.

SCHROEDER, Justice specially concurring.

I concur with the result of the Court's decision, but disagree with part II, section B of the opinion in which the Court has determined that the district court acted outside the bounds of its discretion when it granted a new trial for jury misconduct.

The trial court set forth the reasons for the grant of a new trial as follows:

> Plaintiff's Motion for a New Trial pursuant to I.R.C.P. 59(a)(2), with respect to misconduct of the jury in that they failed to follow instructions is herewith GRANTED. The Court sits as a thirteenth juror when ruling on a motion for new trial and this Court would have concluded that Plaintiff was 25% negligent and Defendant was 75% negligent. The minor child was struck by Defendant's vehicle while she was in the crosswalk at the intersection, Defendant testified he did not see the girl's head protruding above his hood until she was on the right side of his vehicle near his right headlight, there were no skid marks left by Defendant's vehicle and several witnesses

testified that, in their opinion, Defendant was exceeding the posted speed limit, although there was also contradictory evidence regarding the Defendant's alleged exceeding the speed limit. This Court concludes a new trial must be granted in order to correct a miscarriage of justice. This Court cannot predict the result of a second trial, however, this Court does believe if the evidence is presented properly by Plaintiff, there is a strong likelihood that the result would be substantially different from the first trial.

It seems clear that a driver who runs over a child well into the crosswalk who did not observe the child in sufficient time to brake has been negligent in several respects, particularly if the driver was speeding. Failure to assign some percentage of negligence to the driver under the facts as set forth by the trial judge is jury misconduct for failure to follow the instructions on comparative negligence.

Regardless of the particular rule designation given by the trial judge as a basis for granting a new trial, the factual recitation given by the trial judge warrants granting a new trial under other rule designations. Idaho Rule of Civil Procedure 59(a)(6) allows the trial court to order a new trial when there has been an insufficiency of the evidence to justify the verdict or other decision or when the verdict is against the law. The decision of the trial judge as articulated justifies a new trial under I.R.C.P. 59(a)(6). This Court should analyze the substance of the ruling and affirm if the substance warrants the ruling.

I.R.C.P. 59(d) allows the trial court to order a new trial on its own initiative "for any reason for which it might have granted a new trial on motion of a party." This Court has instructed trial judges to act to avoid miscarriages of justice. In *Quick v. Crane*, 111 Idaho 759, 727 P.2d 1187 (1986), this Court stated, "the granting of a new trial on the ground that the verdict is against the weight of the evidence 'involves an element of discretion which goes further than the mere sufficiency of the evidence. It embraces all the reasons which inhere in the integrity of the jury system itself.'" *Id.* at 767, 727 P.2d at 1195 (citations omitted). The *Quick* court continued as follows:

> The trial judge is sitting at the heart of our trial process, a position we on the appellate level cannot duplicate. On the one hand, he does not sit to approve miscarriages of justice when they occur in his courtroom. His authority to set aside the verdict on a new trial motion is supported by clear precedent at common law. Indeed, far from being a denigration or usurpation of the right to a trial by jury, trial judges have always been regarded as an integral part of that right.

*Id.* at 767–68, 727 P.2d at 1195–96.

In this case the trial judge adequately set forth the basis for ordering a new trial, and the record in this case clearly supports that basis. The decision should be affirmed under I.R.C.P. 59(a)(2), but even if the wrong subsection of the rule were designated by the trial judge, or the wrong rule designated, the decision should be affirmed on the reasoning stated by the district court when that reasoning clearly falls within an identifiable rule.