804 P.2d 1356

**Sandra K. STODDARD, Individually, and Sandra K. Stoddard, as Mother and Natural Guardian of Tania Stoddard, a Minor, Plaintiffs–Appellants,**

v.

**June L. HUBBARD, and John Does I Through X, Defendants–Respondents.**

No. 18340.

Court of Appeals of Idaho.

Jan. 23, 1991.

Rehearing Denied Jan. 23, 1991.

Petition for Review Denied
Feb. 27, 1991.

Bohner, Chasan, Walton & Bauer, Boise, for plaintiffs-appellants. Timothy C. Walton, argued.

Quane, Smith, Howard & Hull, Boise, for defendants-respondents. Robert C. Moody, argued.

## SUBSTITUTE OPINION

The Court's prior opinion, dated November 28, 1990, is hereby withdrawn.

WALTERS, Chief Judge.

This is a personal injury case. We are asked to determine if the trial court correctly instructed the jury on the effect of a comparative negligence finding. We are also asked to determine whether the trial court properly denied a motion for a new trial. We affirm the amended judgment of the trial court.

The issues of this trial, and the resulting appeal, arose from a traffic accident which occurred at the intersection of Eighth Street and Brumback Street, a residential area in north Boise. Sandra Stoddard was driving north on Eighth Street, with her daughter, Tania, as a passenger in the vehicle. Stoddard's direction of travel was not limited by a stop sign. Simultaneously, June Hubbard was driving east on Brumback. She stopped at a stop sign before proceeding to cross Eighth Street. Stoddard observed Hubbard's vehicle approaching the stop sign and determined that the

vehicle was going to stop. Stoddard became distracted by joggers who were northbound on the sidewalk, to Stoddard's right, parallel to Eighth Street as they crossed Brumback. Stoddard then heard her daughter yell "watch it!" Stoddard looked to observe Hubbard's vehicle entering the intersection from Stoddard's left. Stoddard braked and turned her vehicle to the right in an unsuccessful attempt to avoid the collision.

As a direct result of the accident, Sandra Stoddard received a soft tissue injury to her spine. This injury resulted in decreased mobility which affected her job and her home life. In contrast, Tania Stoddard's injuries were much less severe. She experienced pain between her shoulders for two months following the accident. Tania was treated four times and thereafter experienced no future problems. After each side presented its case to the jury, the court instructed the jury on comparative negligence.[1] The jury returned a verdict in favor of the Stoddards, finding that Sandra Stoddard had sustained damages in the amount of $5,000 and that Tania Stoddard's damages were $152. However, the jury also found Sandra Stoddard forty-five percent negligent. As a result of this latter determination, the court entered judgment awarding Sandra Stoddard fifty-five percent of her damages, $2,750.

The Stoddards filed post-trial motions seeking a new trial, an additur and a judgment notwithstanding the verdict. After a hearing, the trial court granted Stoddards' motion for judgment notwithstanding the verdict with respect to the issue of liability only. The amended judgment vacated the jury's determination of comparative negligence, increasing Sandra Stoddard's judgment to $5,000, the total damages sustained by her as found by the jury. In the alternative, the court ordered that the plaintiffs be granted a new trial on the issue of liability unless Hubbard accepted the amended judgment. The Stoddards appeal the order denying their motion for a

new trial on damages, arguing that the trial court erred in instructing the jury with regard to the effect the jury's comparative negligence finding would have on the damage award. The Stoddards further argue that it was reversible error to deny their motion for a new trial where it appears on the record that damages were rendered as a result of passion and prejudice. We address each issue in turn.

I.

We begin by examining the Stoddards' assertion that the trial court erred in refusing to instruct the jury with regard to a comparative negligence finding. As a general rule in Idaho, "it is reversible error for the trial court to instruct the jury as to what effect their answers will have on the final outcome of the case." *Holland v. Peterson*, 95 Idaho 728, 732, 518 P.2d 1190, 1194 (1974). However, the Supreme Court has carved out an exception to this general rule. In *Seppi v. Betty*, 99 Idaho 186, 579 P.2d 683 (1978), the Court held that:

> [I]t is not reversible error for the court to inform the jury of the effect of apportioning 50% or more of the negligence to the plaintiff. Though we believe in most cases such an instruction is fully warranted, we conclude that the trial courts should be given discretion not to so inform the jury in those cases where the issues are so complex or the legal issues so uncertain that such instructions would confuse or mislead the jury. In light of this ruling, we also believe that the trial court should carefully instruct the jury that they are to determine the total damages and that they are not to reduce that sum to reflect their findings on the percentage of negligence.

*Seppi v. Betty*, 99 Idaho at 195, 579 P.2d at 692.

Accordingly, in cases involving comparative negligence, the trial court may instruct the jury of the effect of apportioning fifty percent or more of the negligence to the

1. It should be noted at this juncture that Hubbard admitted negligence in this action.

plaintiff unless, in the exercise of its discretion, the trial judge determines that the case is overly complex. The court should also insure that, when the jury assesses damages sustained by the plaintiff, the jury understands it is to determine the total amount of damages suffered by the plaintiff as a result of the accident, without reduction reflecting the apportionment of negligence. We note that while *Seppi* counsels that in most cases such instructions are warranted, its holding states merely that it is not reversible error to give such instruction. With this in mind, we must determine whether the trial court erred in its instructions to the jury in the present case.

The instruction at issue is contained in the special verdict form submitted to the jury. The special verdict form states that:

We, the jury, answer the questions submitted to us in this special verdict as follows:

QUESTION NO. 1: Was there negligence on the part of defendant, June L. Hubbard, which was a proximate cause of the accident?

ANSWER: Yes.

The defendant, June L. Hubbard, has admitted that she was negligent and that her negligence was a proximate cause of the accident. Since the defendant's negligence has been established, the court has answered "Yes" to this question.

QUESTION NO. 2: Was there negligence on the part of the plaintiff, Sandra K. Stoddard, which was a proximate cause of the accident?

ANSWER: Yes___ No___

If you answered "No" to Question No. 2, then you will not answer Question No. 3, but will next answer Question No. 4.

If you answered "yes" to Question No. 2, then answer Question No. 3.

QUESTION NO. 3: We find that the parties contributed to the cause of the accident in the following percentages:

a. The Plaintiff Sandra K. Stoddard ___%
b. The Defendant June L. Hubbard ___%
    Total: 100%

If the percentage of negligence for the plaintiff, Sandra K. Stoddard, is fifty percent or more, then you are not to answer any further question regarding damages to Sandra K. Stoddard.

If the percentage of negligence for the plaintiff, Sandra K. Stoddard, is less than fifty percent, then you will answer Question No. 4. In answering Question No. 4, you are to determine the total damages sustained by plaintiff, Sandra K. Stoddard, as a result of the accident.

QUESTION NO. 4: What is the amount of compensatory damages sustained by the plaintiff, Sandra K. Stoddard, as a result of the accident?

ANSWER: $_____

■ As noted, *Seppi* permits the trial court to inform the jury that, unless it determined the plaintiff to be less than 50% negligent, the plaintiff would not be entitled to recover any damages. *Seppi* further states that, where the trial court chooses to inform the jury of the effect of its apportionment of negligence, the court must also instruct the jurors to determine the *total* amount of damages sustained by the plaintiff. We hold that the court's instructions satisfied the standards set forth in *Seppi*.

In so holding, we conclude that language further instructing the jury to refrain from reducing the sum to reflect its finding on negligence, while emphasizing the jurors' duty to determine total damages, is not essential. The trial court's decision to exclude such language was not error. Absent a showing otherwise, we will presume the jury followed the court's direction entirely and determined the total damages Sandra Stoddard sustained. *See e.g., State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). For the court to further instruct the jury not to reduce their total damage award would be redundant. We believe that the brevity and clarity of the direct questions in the special verdict form focused the jury's attention upon the essential issues and away from prejudice and

favor. *Cassia Creek Reservoir Co. v. Harper*, 91 Idaho 488, 426 P.2d 209 (1967). Accordingly, because the trial court's special verdict form satisfied *Seppi*, we conclude that the trial court did not err in its instruction to the jury.

## II.

We next address the Stoddards' assignment of error regarding the court's refusal to grant their motion for a new trial on the issue of damages. The Stoddards filed a motion for a new trial on damages pursuant to I.R.C.P. 59(a)(5) arguing that the jury's award of damages was inadequate and was rendered under the influence of passion or prejudice. When ruling on a motion for a new trial, the trial court must make an independent determination of a damage award by weighing the evidence presented to the jury. If the jury's damage award, compared to the damages arrived at by the trial court, differs to such a degree as to suggest that the jury was acting under influence of passion or prejudice, the court will, in the interest of justice, grant a new trial. *Dinneen v. Finch*, 100 Idaho 620, 603 P.2d 575 (1979); *Quick v. Crane*, 111 Idaho 759, 727 P.2d 1187 (1986). When reviewing the trial court's ruling on a motion for a new trial, we are constrained by the facts in evidence. We are not in a position to weigh the evidence as a trial court can. *Dinneen v. Finch*, 100 Idaho at 626, 603 P.2d at 581. Accordingly, the power of this Court over excessive or inadequate damages exists only when the facts are such that the excess or inadequacy appears as a matter of law. *Id.* Thus, the trial court is accorded wide discretion in making its ruling pursuant to I.R.C.P. 59(a)(5).

Here the record indicates the Stoddards presented evidence of special damages totaling $7,300. Of this amount, approximately $4,000 was uncontroverted. The jury found that the Stoddards sustained a total of $5,000 in damages. We cannot conclude based on these facts that the trial court abused its discretion in refusing to grant the Stoddards' motion for a new trial on damages.[2]

In sum, we conclude that the special verdict form complied with the Idaho Supreme Court ruling in *Seppi v. Betty, supra.* We also hold that the trial court did not abuse its discretion in refusing to grant Stoddards' motion for a new trial on damages. We affirm the amended judgment of the trial court.

Costs to respondent, Hubbard. No attorney fees allowed on appeal.

SWANSTROM and SILAK, JJ., concur.

---

**2.** The Stoddards argue that while the jury awarded them $5,000 in damages, it also found Sandra Stoddard forty-five percent negligent. This resulted in a net award for Stoddards in the amount of $2,275, which is approximately $1,725 less than the uncontroverted special damages. The Stoddards maintain that this conclusively demonstrates the award was based on passion or prejudice. This argument is specious. The court correctly instructed the jury to determine the total damages sustained by Stod- dards. Absent a showing otherwise, we must assume the jury did so find that Stoddards sustained a total of $5,000 in damages. *See* Part I, *supra.* Because Sandra Stoddard was found to be forty-five percent negligent, she would be responsible for forty-five percent of those damages. Nonetheless this argument was rendered moot when the court granted Stoddards' motion for a judgment notwithstanding the verdict on the issue of liability.