518 P.2d 1190

**Orville J. HOLLAND et al., Plaintiffs-Respondents,**

v.

**Vernal PETERSON, Defendant-Appellant.**

**No. 11306.**

Supreme Court of Idaho.

Feb. 7, 1974.

Rehearing Denied March 7, 1974.

Lloyd J. Webb, of Webb, Pike, Burton & Carlson, Twin Falls, for defendant-appellant.

Robert M. Harwood, of Benoit, Benoit & Alexander, Twin Falls, for plaintiffs-respondents.

DONALDSON, Justice.

Plaintiffs-respondents Roxanne and Helen Holland, who are sisters-in-law, brought suit for damages after a car owned and operated by Roxanne Holland and in which Helen Holland was a passenger collided with a truck driven by defendant-appellant Vernal Peterson. Respondents were joined in the suit by their respective husbands, Orville J. Holland and John W. Holland. From a jury's verdict in favor of respondents, appellant prosecutes this appeal.

The facts of the case can best be illustrated by referring to the following diagram.

NORTH

County Road

Path of Respondents' car

HIGHWAY

Point of Impact

Stop Sign

Path of Appellant's truck

On September 20, 1971, respondents were driving along the Wendell to Buhl highway on their way to work at the Thousand Springs Fish Hatchery. At the curve where the accident occurred, the Wendell to Buhl highway turns sharply from an east-west direction to a north-south direction. Intersecting the highway at the corner is a county farm access road. This road proceeds in a north south direction so that if one is proceeding north along the highway and desires to go onto the county road, no turn is necessary.

As respondents approached the curve from the east, appellant was approaching from the south. It was appellant's intention to proceed straight through the intersection and onto the county road to the north. Both vehicles were travelling at approximately twenty to twenty-five miles per hour. Due to the dangerous configuration of the corner, the posted speed limit

for the corner was twenty-five miles per hour. As respondents rounded the curve, they first sighted appellant crossing over their lane of traffic at a point forty to fifty feet in front of them. Although both parties applied their brakes, a collision resulted damaging both vehicles, inflicting minor injuries upon Roxanne Holland and rather serious injuries upon Helen Holland.

Both respondents and appellant testified that they were unable to see the other vehicle any sooner than they did because of a high bank on the inside of the corner. The officer who investigated the accident testified that appellant should have been able to see at least the top half of respondents' car as it approached the curve because of the advantageous viewpoint he enjoyed from the elevated cab of his truck. However, several other witnesses testified that respondents should have had a superior view. Appellant also testified that he did not stop before crossing over into respondents' lane of traffic, but that he did slow down.

There was considerable disagreement at the trial as to the location of the point of impact. Neither respondent could remember the actual collision and so were unable to testify where it actually occurred. Appellant, and several other witnesses who did not see the actual collision, testified that it occurred off the shoulder of the highway. However, the jury could reasonably have found from the testimony of the investigating officer that the collision occurred in respondents' lane of traffic. The officer testified that he placed the location there on the basis of skid marks found shortly after the accident and from the location of the two vehicles after the accident.

After hearing all the evidence, the jury found in favor of respondents. By way of answers to special interrogatories, the jury found that Roxanne Holland, the driver of the car, was ten percent negligent. They

found that her passenger, Helen Holland, was not negligent in any manner. They also found that appellant was ninety percent negligent. The court then entered judgment in favor of Helen Holland in the amount of $7,069.40 and in favor of Roxanne Holland in the amount of $656.67. After entering judgment, the court denied appellant's motion for judgment n. o. v. or, in the alternative, for new trial.

■ Appellant's first five assignments of error concern the instructions given to the jury concerning the law of intersections. However, at the trial appellant did not request any further instructions concerning the law or rights-of-way at intersections than those given by the court. While the ones that were given by the court may not have fully instructed the jury as to the applicable law, they were correct in so far as they went. This Court has long adhered to the rule that when the instructions given by the trial court are correct in so far as they go, one cannot complain of a failure to give additional instructions if none are requested. Jones v. Talbot, 87 Idaho 498, 394 P.2d 316 (1964); Harper v. Johannesen, 84 Idaho 278, 371 P.2d 842 (1962); Preston v. Schrenk, 77 Idaho 481, 295 P.2d 272 (1956). As was stated in Mendenhall v. MacGregor Triangle Co., 83 Idaho 145, 149, 358 P.2d 860, 862 (1961):

"The giving of this instruction was proper in explaining the statutory duty of drivers approaching an intersection. The record fails to disclose that appellants requested any instruction amplifying the code provisions, and in the absence of a request for such instruction no error may now be predicated on the trial court's failure to fully amplify this instruction by defining various terms used in the statute."

■ Appellant also contends that the trial court incorrectly instructed the jury as to the provisions of I.C. § 49-727.[1]

---

1. I.C. § 49-727 (1973 Supp.) *"Vehicle approaching or entering intersection.*—(1) When

two (2) vehicles enter or approach an intersection from different highways at approxi-

However, the trial court gave to the jury verbatim the provisions of that section as amended in 1969 by the legislature. Thus, there was no error in instruction 11 given in this case.

■ Appellant's next assignment of error is that the trial court failed to instruct the jury that the operator of a motor vehicle has the right to rely upon the compliance with the law by another driver. Appellant requested that the following instruction be given.

"Every person who, himself, is exercising ordinary care, has a right to assume that every other person will perform his duty and obey the law, and in the absence of reasonable cause for thinking otherwise, it is not negligence for such a person to assume that he is not exposed to danger which can come to him only from a violation of law or duty by another person."

Although appellant's requested instruction is a correct general statement of the law, Coughran v. Hickox, 82 Idaho 18, 348 P.2d 724 (1960), the court did not err in refusing to give it since it adequately covered the same subject matter in its instructions on negligence, proximate cause, lookout, control, and reasonable speed. For the court to have given appellant's requested instruction would have added nothing new to the case and would merely have been redundant.[2]

■ Appellant's next assignment of error is that the trial court did not fully and correctly instruct the jury as to the duty of a passenger in an automobile to exercise care for his or her safety. The Court's instruction on this, number 16, reads as follows:

"A passenger in an automobile has a duty to exercise ordinary care for his own safety. This duty requires him to exercise ordinary care in the matter of maintaining a proper lookout to the end that he may be able to give warning to the driver of any danger of which he has reason to believe the driver may not be aware.

"A passenger, however, is not bound to maintain the same degree of diligence in keeping a lookout as is required of the driver of the car, for the reason that such a passenger does not have the responsibility of operating and controlling the automobile. However, the fact that he is not in charge of operating the automobile does not relieve him from all duty to use care for his own safety. His duty with respect to lookout is to exercise that care and caution which a person or ordinary intelligence, care, and prudence would usually use while riding in the same passenger seat of the automobile as the plaintiff and under the same circumstances as exist in this case, as brought out by the evidence, or similar circumstances."

This instruction is substantially the same as the statement of this Court in Ineas v. Union Pacific R.R., 72 Idaho 390, 399, 241 P.2d 1178, 1184 (1952), and it was not error for the court to give it.

■ Appellant also claims that the court erred when it instructed the jury that Roxanne and Helen Holland were not joint venturers so that any negligence of Roxanne would not be imputed to Helen. In Fawcett v. Irby, 92 Idaho 48, 52, 436 P.2d 714, 718 (1968), this Court quoted approvingly the statement found in Griffin v. Clark, 55 Idaho 364, 375, 42 P.2d 297, 302 (1935), concerning joint venturers.

"The general rule appears to be that in order to constitute a joint enterprise

---

mately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

(2) The right of way rules declared in paragraph (1) are modified at through highways and otherwise as hereinafter stated in this article."

2. Idaho's new pattern jury instructions, effective January 1, 1974 by order of this Court, recommend that no instruction be given concerning the assumption as to conduct of others because this constitutes a comment by the judge on a fact issue. IDJI 218.

with relation to the operation of an automobile there must be a joint interest or community of interest in the purpose of the undertaking, and an equal right, express or implied, to exercise some control over the conduct of each other in respect thereto."

The only testimony offered in this case concerning a joint enterprise or venture was that of both respondents who testified that Helen Holland had no right to control the route which Roxanne Holland took or her method of driving. Thus, there was no evidence upon which the jury could reasonably have found that a joint enterprise existed so the court was correct in instructing the jury as it did.

Appellant also contends that the trial court erred in not granting his motion for judgment n. o. v. It was not error for the trial court to deny this motion because there was substantial competent evidence supporting the verdict reached by the jury. Mabe v. State ex rel. Rich, 86 Idaho 254, 385 P.2d 401 (1963); Dawson v. Olson, 94 Idaho 636, 496 P.2d 97 (1972).

Appellant's final assignment of error is that the trial court erred in instructing the jury that they should not concern themselves with whether their answers to the interrogatories submitted to them would be favorable to one party or another. The general rule, and the one we adopt today, is that it is reversible error for the trial court to instruct the jury as to what the effect their answers will have on the final outcome of the case. *See* Annot. 90 A.L.R.2d 1041 (1963). Of course, it may not always be possible to frame the interrogatories in language that won't tend to inform the jury of the effect, but they should never be instructed what it will be. *See* Ellis v. Ashton & St. Anthony Power Co., 41 Idaho 106, 238 P. 517 (1925).

There appearing no errors in the record, judgment is affirmed. Costs to appellant.

SHEPARD, C. J., and McQUADE, McFADDEN, and BAKES, JJ., concur.