563 P.2d 37

**BOB RICE FORD, INC.,** an Idaho Corporation, Plaintiff-Respondent,

v.

**William DONNELLY,** Respondent-Appellant,

v.

**BRONCO MOTORS, INC.,** an Idaho Corporation, Cross-Defendant, Respondent.

**and**

**Larry Kempton,** Cross-Defendant, Respondent.

No. 11710.

Supreme Court of Idaho.

April 13, 1977.

Rehearing Denied May 13, 1977.

Jon N. Wyman, Boise, for respondent-appellant.

Calvin G. Dworshak, Boise, for plaintiff-respondent Bob Rice Ford, Inc.

John Frederick Mack, of Langroise, Sullivan & Smylie, Boise, for cross-defendant, respondent Bronco Motors.

SHEPARD, Justice.

This is an appeal from a judgment in favor of plaintiff-respondent Bob Rice Ford, Inc., in its action to recover an auto-

mobile or its value from defendant-appellant William Donnelly. Donnelly had counterclaimed against Rice for delivery of title to the automobile and had cross-complained against Bronco Motors, Inc. We dismiss the attempted appeal of the judgment in favor of Bob Rice Ford and affirm the trial court's dismissal of Donnelly's action against Bronco Motors, Inc.

On March 9, 1973, one Larry Kempton entered into an agreement with Bob Rice Ford to purchase a certain 1971 Pontiac automobile for $1,850. Kempton issued a post-dated check and received possession of the vehicle. At that time Kempton was advised by Rice that the certificate of title to the automobile had been lost by the former owners and that a duplicate title would be received shortly.

Kempton was a licensed auto salesman who was operating under an agreement with Bronco Motors, Inc. Under that agreement Kempton was only to operate as a wholesale auto dealer, but if any retail sale was nevertheless made it was to take place on Bronco's lot under the auspices of a Bronco officer. Kempton was to pay Bronco a $25.00 fee for each vehicle which Kempton sold and in return Kempton was allowed to use Bronco's dealer number and license plates.

On March 12, 1973, Kempton sold the 1971 Pontiac automobile to Donnelly for $500.00 and a trade-in automobile. That transaction took place off the lot of Bronco and at the residence of Donnelly. Donnelly was the brother-in-law of Kempton. At that time Donnelly knew that Kempton had not made payment for the 1971 Pontiac to Bob Rice and knew that Kempton did not have a certificate of title to the automobile. Upon Kempton's instructions, Donnelly made his $500.00 check payable to Western Idaho Auto Sales which was Kempton's trade name. Windshield stickers and dealer's plates issued by Bronco were displayed on the 1971 Pontiac. The sales agreement form signed by Kempton and Donnelly was provided by and bore the name Bronco.

On April 9, 1973, Rice received the newly issued duplicate title certificate to the auto-

mobile in question and thereupon deposited the check Kempton had issued to Bob Rice. It was returned for insufficient funds. Kempton in the meantime had taken Donnelly's trade-in vehicle to the state of Washington and sold it. Rice, not having been paid for the automobile and still holding the certificate of title thereto, brought this action against Donnelly to recover either the car or its market value of $1,850.00 and Donnelly cross-claimed against Bronco Motors on the theory of agency.

Kempton extracted $500.00 and a trade-in vehicle from Donnelly leaving him only with a vehicle for the possession of which he was being sued by Rice, a course of conduct not to be countenanced even between brothers-in-law. Kempton was named by Donnelly as a cross-defendant but was never served with process. Nevertheless Kempton appeared as a star witness at trial on behalf of defendant Donnelly.

Following trial, the court granted judgment in favor of plaintiff and dismissed Donnelly's cross-complaint against Bronco Motors holding there was no actual authority granted by Bronco which enabled Kempton to sell the vehicle in the manner described. The court found that any apparent authority flowing from Bronco to Kempton was dispelled by Donnelly's knowledge that Kempton did not have title to the vehicle, had not paid Rice for the vehicle and by Donnelly's payment to Western Idaho Auto Sales rather than Bronco. Following judgment, a motion for a new trial on the basis of alleged newly discovered evidence was denied.

█ We turn first to Donnelly's assertion that the court improperly ruled adversely to his claim against Bronco Motors. It is clear according to the agreement between Kempton and Bronco that Kempton was not authorized to engage in any retail sale of motor vehicles except on the Bronco lot and under the supervision of a Bronco officer. Hence, no actual authority existed in Kempton to bind and represent Bronco in the instant sale and the district court correctly held that Kempton had no such actu-

al authority. *See,* 3 Am.Jur.2d, Agency, § 69. The trial court also correctly concluded that Bronco did invest apparent authority in Kempton since it supplied Kempton with Bronco dealer plates and dealer number as well as Bronco contract forms. A person of ordinary prudence relying upon such indicia of authority might well believe that Kempton was acting within the the intended scope of his authority. *Clark v. Gneiting,* 95 Idaho 10, 501 P.2d 278 (1972); Restatement 2d, Agency, §§ 8, 27; *Benner v. Farm Bureau Mut. Ins. Co. of Idaho, Inc.,* 96 Idaho 311, 313, 528 P.2d 193 (1974).

■ In this case, however, a conflict of evidence exists as to whether Donnelly relied upon the apparent authority of Kempton to act for Bronco Motors. There was evidence that Donnelly knew Kempton did not have title to the vehicle, knew Kempton had not paid for the vehicle and Donnelly paid his money to Western Idaho Auto Sales (Kempton's trade name) rather than Bronco. The trial court held that Donnelly had not relied upon the apparent authority of Kempton to act for Bronco and substantial evidence supports that finding. We additionally note that Donnelly admitted that he had not relied so much on Kempton's agency with Bronco as Kempton's reliability as a relative of Donnelly's. *See also,* Restatement 2d, Agency, § 6, Comment c. Therefore we affirm that portion of the judgment dismissing Donnelly's cross-claim against Bronco Motors.

We turn now to the attempted appeal by Donnelly of the judgment entered against him and in favor of Bob Rice. Within five days of the filing of the notice of appeal, Donnelly gave an undertaking for damages and for costs of appeal. Approximately two years thereafter and prior to the oral argument before this Court, counsel for Bob Rice and Donnelly stipulated that $636.00 be deposited pursuant to I.C. § 10–1115 and be released to Rice. This apparently was done to allow Donnelly to obtain a certificate of title to the car in question. The district court approved that stipulation and ordered release of the funds to Rice and transfer of the certificate of title to Donnelly. We are told on oral argument that said sum of $636.00 represented the final amount owed to Bob Rice under the judgment. It is thus admitted that the entire amount of the judgment owing Bob Rice has been paid prior to the oral argument before this Court. *See,* I.C. § 10–1115.

■ The instant facts are distinguishable from those in *Radioear Corp. v. Crouse,* 97 Idaho 501, 547 P.2d 546 (1976). There it was held that mere deposit of funds with the district court following a judgment did not necessarily satisfy the judgment in the sense of requiring dismissal of the appeal. Here, however, appellant Donnelly not only deposited the funds with the district court clerk, but also authorized their release to Bob Rice and such funds were released under the order of the district court. Hence, we hold that the portion of the judgment in favor of Bob Rice Ford and against Donnelly was satisfied. The questions raised therein are moot and the appeal is dismissed. *See, Banger v. Philadelphia Elec. Co.,* 419 F.2d 1322 (3 Cir., 1969); *Texas Employer's Ins. Assoc. v. Petty,* 412 S.W.2d 384 (Tex.Civ.App.1967).

Costs to respondents.

McFADDEN, C. J., DONALDSON and BISTLINE, JJ., concur.

BAKES, J., concurs in result.