646 P.2d 1015

**Douglas Owen WALKER, Plaintiff-Appellant,**

v.

**Stephen Rand BUDZIANOWSKI, Defendant-Respondent.**

No. 13645.

Supreme Court of Idaho.

June 11, 1982.

Victor J. Rolzitto, Ketchum, for plaintiff-appellant.

John A. Doerr and Kevin F. Trainor of Doerr & Trainor, Twin Falls, for defendant-respondent.

SHEPARD, Justice.

This is an appeal from a judgment in an action arising from an automobile collision. Walker, a passenger in one of the vehicles involved, sought damages from the defendant-respondent, Budzianowski, for the personal injuries he suffered when the stationary vehicle in which he was sitting was struck in its rear by the vehicle driven by Budzianowski. Following a three-day trial, a jury returned a special verdict finding that the total amount of damages sustained by Walker was $1023.30. In addition, the jury found that the negligence of both Walker and Budzianowski proximately caused the accident and it attributed 49% of the causal negligence to Walker and 51% to Budzianowski. Upon the basis of the jury's

verdict, the trial court entered a judgment for Walker in the sum of $521.88, or 51% of the jury's assessment of damages, plus costs.

No post trial motions were made by Walker for a judgment notwithstanding the verdict, or a new trial or for an amended judgment or for additur. On appeal, Walker's assignments of error only relate to the trial court's jury instructions regarding comparative negligence and whether the evidence supported the jury's finding that 49% of the causal negligence was attributable to Walker.

The defendant-respondent, Budzianowski, asserts that the questions presented by Walker on appeal have been rendered moot by Budzianowski's offer to tender into district court $1023.30, the full amount of the damages sustained by Walker, as found by the jury, plus costs awarded to Walker below, plus interest at the statutory rate. We agree. *Cf. Bob Rice Ford, Inc. v. Donnelly*, 98 Idaho 313, 563 P.2d 37 (1977). By his counsel's representations during oral argument of this cause the defendant-respondent, Budzianowski, consented or effectively stipulated that the judgment of the trial court may be vacated and an amended judgment be entered in accordance with the terms of his proposed tender. Hence, the judgment of the trial court is vacated and the cause is remanded with instructions that the district court enter a judgment in favor of the plaintiff-appellant for the total amount of damages sustained by Walker, *i.e.*, $1023.30, plus costs awarded to Walker below, plus interest at the statutory rate. No costs or attorney's fees on appeal.

BAKES, C.J., and McFADDEN, BISTLINE and DONALDSON, JJ., concur.