844 P.2d 684

STATE of Idaho, Plaintiff–Respondent,

v.

Dennis ORR, Defendant–Appellant.

No. 18494.

Supreme Court of Idaho,
Lewiston, October 1992 Term.

Nov. 24, 1992.

Rehearing Denied Feb. 3, 1993.

William H. Foster, Grangeville, for defendant-appellant.

Larry EchoHawk, Atty. Gen., and Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent. Lynn E. Thomas argued.

BAKES, Chief Justice.

Dennis Orr was convicted of first degree murder by a jury in the Idaho County district court. Orr appeals from a denial on a motion for a new trial. Orr's appeal asserts the following claims of error: (1) that the enhancement provision of using a firearm was not raised before the magistrate at the preliminary hearing; (2) that the trial court violated I.C. § 19–2101(1) by failure to read the information and the defendant's plea to the jury after it was empaneled; (3) that certain of the instructions to the jury were improper; and (4) that the trial court erred in denying his Rule 35 Motion claiming that the trial court failed to give sufficient weight to all the facts when it sentenced him. We affirm.

In April of 1988 Karen Tucker (Karen) was living in Illinois where her husband was in prison for a shooting. Her brother-in-law, Joe Tucker (Tucker) had been furnishing money to Karen for necessities and an attorney for her husband. At some point Tucker moved into the house with Karen and a relationship developed between the two of them.

Tucker was a drug supplier and Dennis Orr (Orr) was one of his dealers. While Tucker was away from the state of Illinois, Karen became involved with Orr and eventually moved out of Tucker's residence and into Orr's. Tucker became very angry over this situation and threatened both Karen and Orr.

There was evidence that, in order to break up the involvement between Karen and Orr, Tucker set Orr up on a drug possession charge, and then Tucker suggested that Orr move to a remote area of Idaho and stay there until the seven-year statute of limitations had run. There was evidence that Tucker stated that he would finance the plan and would personally take Orr to Idaho, because no one would suspect him to be involved. Orr apparently agreed, and Tucker, Orr and Karen left Illinois for the wilderness of Idaho. The trip took two days and the trio stopped only once to stay overnight in a motel. During this stop Tucker revealed to Karen that he had a gun and made threats on her life if she did not return to Illinois with him. Also during this stop, Tucker took Orr to purchase a 12 gauge shotgun and ammunition and gave Orr some money to be used to purchase supplies and a horse during Orr's stay in Idaho. Karen stated that Dennis Orr loaded the shotgun and placed it under the seat of the pickup they were traveling in.

Shortly after entering northern Idaho on Highway 12, Orr asked Tucker to pull over so he could relieve himself. Once out of the pickup Orr pulled the shotgun from under the seat and shot Tucker twice, once in the upper right shoulder and once in the head.

Orr dragged Tucker's body to the bottom of a small incline at the rear of the gravel area and covered it with the seat cover from the pickup. Karen, at Orr's instruction, then got in the pickup and they left the area. Orr stopped down the road about three miles and washed out the inside of the pickup, and he and Karen then drove back to Illinois.

The body of Tucker was found by elk hunters approximately six weeks after the shooting, and an investigation led to the arrest of Orr and Karen. Orr was charged by information with first degree murder and sentence enhancement allegations of being a persistent violator of the law and employing the use of a firearm in the commission of first degree murder.

A jury convicted Orr of first degree murder under I.C. § 18–4001 and found for the state on the sentence enhancement allegations. Orr was sentenced to a period of imprisonment not less than 25 years nor more than life, with a minimum period of confinement of 25 years.

Orr appeals the conviction and sentencing, claiming:

1. When he was bound over to the district court for the crime of murder under I.C. § 18–4001 the information included an enhancement provision under I.C. § 19–2520 which was not alleged in the complaint before the magistrate at the preliminary hearing.

2. That after empaneling the jury, the clerk of the court failed to read to the jury the information charging Orr with the crime of first degree murder.

3. The court erred in giving jury Instructions Nos. 13, 16, 17, 18, 19, 20, 21, 22, 23, 27, 36, and 37 because of their biased and misleading language.

4. The court erred in denying Orr's Rule 35 motion for a reduction of sentence because the court did not give sufficient weight to all the facts of Orr's background and age.

5. That Orr received a longer sentence due to his rejection of a plea bargain.

■ Appellant first claims that the enhancement provision under I.C. § 19–2520 was wrongfully included in the information filed by the prosecuting attorney. Howev-

er, the defendant did not raise this issue in the district court. I.C.R. 12(b) requires "defenses and objections based on defects in the complaint, indictment or information ... be raised prior to trial." I.C.R. 12(f) states that "[f]ailure by the defendant to raise defenses or objections ... prior to trial ... shall constitute waiver thereof...." [1] Furthermore, after the jury was empaneled the trial court asked the defense counsel if he had any objections to the language in the information, to which the defense counsel answered, "None." In *State v. Martin*, 119 Idaho 577, 578, 808 P.2d 1322 (1991), this Court held that we will not address on appeal what the trial court has not been given an opportunity to consider.[2]

■ For the same reason, we hold that the defendant has waived any claim that the information was not read to the jury by the clerk. The record reflects that the information was read to the entire jury venire prior to selection of the petit jury and was again read to the jury in the instructions to the jury. The defendant did not raise below the question of the failure of the clerk to read the information and the defendant's plea after the selection of the petit jury. Having failed to raise the issue before the trial court, it cannot now be raised on appeal. *State v. Martin, supra.* In any event, any error in the failure of the clerk to read the information would be harmless error, given the fact that the information was read twice to the jurors who were ultimately empaneled, once during voir dire and once during the giving of the instructions to the jury.

■ Concerning the list of jury instructions objected to by the defendant, the defendant himself requested 14 of the 43 instructions given to the jury, and over half of the instructions objected to by the defendant were requested by the defendant himself. Appellant cannot object to the instructions which he himself requests. *McBride v. Ford Motor Co.*, 105 Idaho 753, 742, 673 P.2d 55, 64 (1983) ("[O]ur cases clearly reject the notion that one may assert as error the court's instructing in language which that person has specifically requested the court to give, regardless of whether it is a correct statement of the law."); *Anderson v. Gailey*, 97 Idaho 813, 823, 555 P.2d 144, 154 (1976) ("By having requested this instruction, the plaintiffs were precluded from assigning it as grounds for reversal upon appeal, regardless of whether it was a correct statement of the law."); I.R.C.P. 51(a)(1).

Regarding the other jury instructions of which the defendant now complains, we find no error in the giving of those instructions. Furthermore, several of those instructions contained portions submitted in instructions by the defendant. Accordingly, we hold that the instructions were not erroneous.

■ Regarding Orr's Rule 35 motion, such a motion is a request for leniency, and is directed to the discretion of the trial court. *State v. Matthews*, 118 Idaho 659, 798 P.2d 941 (Ct.App.1990); *State v. Griffith*, 114 Idaho 95, 753 P.2d 831 (Ct.App. 1988), *aff'd on review*, 116 Idaho 173, 774 P.2d 343 (1989). Orr argues that he was suffering from the "Vietnam Syndrome" and makes other allegations concerning his diminished responsibility for killing Tucker. The court had before it in the Rule 35 proceeding the same report of an examining psychiatrist which had been used during the sentencing. That report found no connection between Orr's killing of the victim Tucker and any so-called "Vietnam

---

1. I.C.R. 12(f) provides:

   Effect of failure to raise defenses or objections. *Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial*, to at the time set by the court pursuant to subsection (d), or prior to any extension thereof made by the court, *shall constitute waiver thereof*, but the court for cause shown may grant relief from the waiver. (Emphasis added.)

2. The only exception to the *Martin* rule is if the omission is fundamental error, and then this Court will consider the issue. We find no fundamental error. The defendant could have waived the preliminary hearing entirely at the arraignment before the magistrate and permitted the prosecuting attorney to file the information in this case directly in the district court. Thus, the failure to raise the issue below is not a fundamental error.

Syndrome" or other diminished capacity to conform his conduct to the law, and the trial court so found. We find no abuse of discretion on the part of the trial court in rejecting the Rule 35 motion.

■ The defendant finally argues that he received a harsher sentence because he withdrew his negotiated plea to second degree murder, which was made pursuant to a plea bargain agreement with the prosecutor, and stood trial and was convicted for first degree murder. However, this Court has held that where a plea bargain is entered into between a defendant and a prosecutor, and the plea bargain is withdrawn by the defendant or rejected by the court, there is no violation of due process for the defendant to stand trial on the original charge, or to be subjected to a more severe sentence than that contained in the plea bargain agreement which the defendant later rejected. *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990).

The judgment of the district court is affirmed.

BISTLINE, JOHNSON, McDEVITT and TROUT, JJ., concur.