903 P.2d 730

Harold BURGESS; La Ray Easterday and Janet Easterday, husband and wife; Jim Fowler, Jr., and Robin Fowler, husband and wife; Jim Fowler, Sr.; Larry D. Olsen and Sherrel E. Olsen, husband and wife, individually, and d/b/a Miracle Hot Springs; Le Grand Nelson and Alice Nelson, husband and wife; Jerry Olsen and Sheryl Olsen, husband and wife, Ken Olsen and Jean Olsen, husband and wife; Eloise Olsen; L.J. Rice & Sons, Inc., a corporation; Robert W. Ring and June Ring, husband and wife; Dale M. Wright; Magic Water Company, a corporation; Lenard Easterday and Lorene I. Easterday, husband and wife; Mark Herzinger, Personal Representative for the Estate of Betty Herzinger; Elden Easterday and Annita Easterday, husband and wife; Richard L. Kerbs and Pat Kerbs, husband and wife; James M. Feeney and Maureen Feeney, husband and wife; William Feeney and Belinda C. Feeney, husband and wife; Dortha Handy; Donald A. Jensen; John F. Jensen and Anna Dee Jensen, husband and wife; Richard S. Kerbs; Richard E. Kopp and Beatrice Kopp, husband and wife; Rick C. Parks; Sharon Parks; Joseph I. Sherwood and Helen B. Sherwood, husband and wife; David M. Cooper; Robert A. Norman; Jensen Family Partnership; Mutual of Enumclaw, a corporation; Jaynette Connolly; and John Does I through X, Plaintiffs,

v.

SALMON RIVER CANAL COMPANY, LTD., an Idaho corporation, Defendant–Third Party Plaintiff–Appellant,

and

Buhl Highway District, a Body Politic and a Public Corporation of the State of Idaho; and Twin Falls Highway District, a Body Politic and a Public Corpo-

ration of the State of Idaho, Third Party Defendants–Respondents.

No. 20589.

Supreme Court of Idaho, Twin Falls, November 1994 Term.

Sept. 26, 1995.

566

Webb & Webb, Twin Falls, and Cosho, Humphrey, Greener & Welsh, Boise, for Appellants Salmon River Canal Company, Ltd. Lloyd J. Webb argued.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for Respondent Buhl Highway District. Louis F. Racine, Jr. argued.

Benoit, Alexander, Sinclair, Doerr, Harwood & High, Twin Falls, for Respondent Twin Falls Highway District. J. Robert Alexander argued.

McDEVITT, Chief Justice.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

A full statement of the facts leading up to this litigation is provided in *Burgess v. Salmon River Canal Company (Burgess I)*, 119 Idaho 299, 805 P.2d 1223 (1991), wherein this Court remanded the matter to the district court for a new trial. A brief summary of the subsequent proceedings which lead to the present appeal follows.

On December 18, 1992, the trial court filed its Opinion and Order as to various pretrial motions filed by the parties. Of relevance is the court's decision to allow Salmon River Canal Company (SRCC) to use tort claim notices filed by some of the plaintiffs against the Twin Falls and Buhl Highway Districts (the Highway Districts) for impeachment purposes. Midway through the trial, the court reversed its earlier order regarding SRCC's use of the tort claim notices, concluding after nearly a month of trial that, pursuant to Rule 403 of the Idaho Rules of

Evidence (I.R.E.) use of the notices would be more prejudicial than probative.

On March 16, 1993, a Special Verdict was returned by the jury, finding SRCC solely liable for the plaintiffs' losses, and awarding damages in the amount of $1,981,387.80. Judgment was entered the same day.

On April 2, 1993, SRCC filed a motion for a new trial, alleging that the trial court erred in barring SRCC's use of the plaintiffs' tort claim notices for impeachment purposes, and in the admission of lay opinion testimony from two of the plaintiffs absolving the Highway Districts of any responsibility for their damages. On July 28, 1993, the court entered an order granting SRCC's motion, stating that it erred in excluding use of the tort claim notices for impeachment purposes, and that its error was unduly prejudicial to SRCC. However, on August 4, 1993, the court rescinded its July 28th order, stating that it was signed by mistake. The court then filed a memorandum opinion and order on October 28, 1993, denying SRCC's motion.

In reaching its decision to deny SRCC's motion for a new trial, the court concluded that no error was committed in barring the use of the tort claim notices. The court further concluded that, even if it was error to exclude the evidence and prohibit SRCC from using it to impeach the plaintiffs' testimony, SRCC's substantial rights were not prejudiced given the overwhelming amount of physical and testimonial evidence presented against SRCC.

While this appeal was pending, SRCC concluded a settlement with the plaintiffs in the amount of $2.2 million. The settlement was in full satisfaction of the trial court's judgment against SRCC, together with all interest, attorneys fees, and costs claimed by the plaintiffs in SRCC's Chapter 11 bankruptcy proceedings.[1] An order approving the compromise and satisfaction was entered May 6, 1994, in United States Bankruptcy Court for the District of Idaho.

In the settlement, the parties stipulated that all issues between SRCC and the plaintiffs in the state court proceeding "shall be resolved with prejudice." However, the agreement specifically excluded:

> any and all issues posed by the Debtor's Third Party Claim therein against Twin Falls Highway District and Buhl Highway District creditors, their responses thereto, and all issues of the Idaho Supreme Court presently pending as may relate to a third party claim, the defenses thereto, and the issues of the appeal that may in any way relate to the claims of negligence against the Twin Falls Highway District and the Buhl Highway District.

In mid-May, the plaintiffs and SRCC filed a stipulation with this Court requesting dismissal with prejudice of SRCC's appeal as to the judgment in favor of the plaintiffs. On May 20, 1994, this Court entered a partial remittitur dismissing SRCC's appeal of the trial court's judgment as to the plaintiffs. On July 7, 1994, pursuant to a motion by Twin Falls Highway District, this Court entered an order taking judicial notice of the bankruptcy court's order approving SRCC's compromise and satisfaction of the plaintiffs' claims, and SRCC's dismissal of its appeal against the plaintiffs.

Following the settlement, SRCC and the Highway Districts agreed that six of the twenty-three issues SRCC originally cited on appeal were mooted by the settlement. Those issues pertained to a jury instruction on gross negligence; an award of prejudgment interest to the plaintiffs; a jury instruction on special damages; the award of attorney fees and costs incurred by the plaintiffs as to one defense theory; and the addition of a new party plaintiff following remand of the matter for a new trial in *Burgess I*.

SRCC and the Highway Districts also agree that three other issues, pertaining to the use of a special verdict form, the propriety of jury instructions on the law of governmental immunity, and the lack of jury instructions specific to the duty owed by the Highway Districts to the plaintiffs, were unaffected by the settlement.

---

1. *In Re: Salmon River Canal Company, Ltd.,* Case No. 93–01270 (Bankr.1994).

However, SRCC and the Highway Districts disagree as to the effect of the settlement on the fourteen remaining issues.

## II.

## ANALYSIS

This Court exercises free review over issues that present questions of law. *Automobile Club Ins. Co. v. Jackson*, 124 Idaho 874, 876, 865 P.2d 965, 967 (1993). However, a jury verdict on issues of negligence and causation will not be disturbed on appeal unless it appears to the reviewing court that the verdict is either not supported by substantial competent evidence or is against the clear weight of the evidence. *Garrett Freightlines, Inc. v. Bannock Paving Co.*, 112 Idaho 722, 726, 735 P.2d 1033, 1037 (1987).

### A. MOOTNESS

The first issue this Court must address is what effect SRCC's settlement with the plaintiffs had on fourteen of the remaining seventeen issues SRCC cites on appeal.

SRCC voluntarily withdrew six of the issues it originally cited on appeal following its settlement with the plaintiffs. However, SRCC now argues that all seventeen of the remaining issues were unaffected by the settlement. SRCC argues that the issue presented by its settlement with the plaintiffs is analogous to a multi-party negligence action in which a negligence verdict as to one or more parties is reversed on appeal and the case is remanded for reapportionment of liability. SRCC cites *Ferbrache v. Dillon*, 100 Idaho 317, 597 P.2d 40 (1979), as a case in point. In *Ferbrache*, the Court held that two of the four parties found negligent in a jury trial were not negligent as a matter of law. *Id.* at 319, 597 P.2d at 42. As a result, it was necessary to reapportion the liability between the remaining tortfeasors. However, the position SRCC takes here is inapposite. SRCC argues that the issues relating to the duty it owed the plaintiffs and its defense of

comparative negligence remain viable because the Court should remand this action for a new trial to reapportion the liability "among and between *all three parties,* notwithstanding the settlement." [Appellant's brief, p. 6 (emphasis supplied)].

The Highway Districts, on the other hand, rely on *Bob Rice Ford, Inc. v. Donnelly*, 98 Idaho 313, 563 P.2d 37 (1977), for the proposition that an appeal is moot where a judgment debt is paid prior to oral argument. *Id.* at 315, 563 P.2d at 39. In *Bob Rice*, the Court held that the defendant's appeal was moot only as to his appeal of the judgment in favor of the plaintiff, to whom he had authorized payment of the amount owing. *Id.* However, the effect of that satisfaction of judgment on the defendant's appeal of his cross-claim against Bronco Motors was not addressed by this Court. Unlike SRCC here, the defendant in *Bob Rice* did not argue that issues relative to his defense of the plaintiff's claim were relevant to his appeal of the judgment for the cross-defendant.

The resolution of this issue lies not in our prior case law but in the terms of the settlement agreement itself. SRCC stipulated in its settlement with the plaintiffs that all issues as between them "shall be resolved with prejudice." Therefore, all issues relevant to the plaintiffs' comparative negligence and SRCC's negligence are moot. The only remaining issues are those that relate to SRCC's third-party claim that the Highway Districts' conduct was a contributing cause of the plaintiffs' damages.

### B. THE TRIAL COURT DID NOT ERR IN INSTRUCTING THE JURY ON THE LAW OF GOVERNMENTAL IMMUNITY.

SRCC argues that, because a special interrogatory verdict was used, it was error for the trial court to instruct the jury that governmental entities such as the Highway Districts may be immune from liability under certain conditions.[2] SRCC cites *Holland v. Peterson*, 95 Idaho 728, 518 P.2d 1190 (1974), in support of this proposition.

---

**2.** Jury Instructions Nos. 19, 20, and 21 were based on I.C. § 6–904(1) and (7).

■ In *Holland,* this Court ruled that it is reversible error to instruct the jury in a special verdict interrogatory as to what effect their answer to the interrogatory will have on the final outcome of the case. 95 Idaho at 732, 518 P.2d at 1194. Contrary to SRCC's argument, *Holland* does not stand for the broader proposition that the jury should not be given *any* instruction on the applicable law governing the parties' respective rights and duties. Here the jury was not instructed in the special verdict as to what effect Idaho's law on governmental immunity might have on a finding of negligence against the Highway Districts. Therefore, *Holland* is inapplicable and the trial court did not err in instructing the jury on the applicable law. Furthermore, Question No. 4 on the special verdict form asked whether the Highway Districts were negligent. The issue of the Highway Districts' possible immunity was not addressed until Question No. 25, which the jury was instructed not to answer *unless* it had previously determined that the Highway Districts were negligent. Juries are presumed to have considered and followed the instructions provided. *See State v. Roy,* 95.14 ISCR 604, 605, 127 Idaho 228, 231, 899 P.2d 441, 444 (1995). Because the jury did not find any negligence on the Highway Districts' part, it never reached the issue of whether the Highway Districts might be immune from liability. Thus, the jury's deliberation on the issue of negligence was not tainted by the court's instruction regarding the law of governmental immunity.

■ SRCC also argues that the instructions on governmental immunity were incorrect as given. However, one may not assert as error the court's instructing in language which that person specifically requested, regardless of whether it was a correct statement of the law. *State v. Orr,* 123 Idaho 55, 57, 844 P.2d 684, 686 (1992); *Leazer v. Kiefer,* 120 Idaho 902, 906, 821 P.2d 957, 961 (1991); *McBride v. Ford Motor Co.,* 105 Ida-

ho 753, 762, 673 P.2d 55, 64 (1983). Because SRCC requested Instructions Nos. 19 and 21 on the law of governmental immunity, it cannot now argue that the trial court erred in giving its proffered instructions.

As for Instruction No. 20,[3] the first paragraph is an accurate statement of the law of governmental immunity as codified at I.C. § 6–904(1). The second paragraph of the challenged instruction is also a correct statement of the law as announced by this Court in *Sterling v. Bloom,* 111 Idaho 211, 227, 723 P.2d 755, 771 (1986), and *Ransom v. City of Garden City,* 113 Idaho 202, 205, 743 P.2d 70, 73 (1987).

## C. THE TRIAL COURT'S NEGLIGENCE INSTRUCTIONS WERE NOT IN ERROR.

■ SRCC argues that the trial court failed to properly instruct the jury as to the elements of SRCC's third-party claim, and that failure to so instruct is reversible error. *E.g., Doty v. Bishara,* 123 Idaho 329, 332, 848 P.2d 387, 390 (1992) ("A party is entitled to have its theory of the case included in the instructions given to the jury if that theory is supported by any reasonable view of the evidence."); *Garrett Freightlines v. Bannock Paving Co.,* 112 Idaho 722, 730–31, 735 P.2d 1033, 1041–42 (1987) ("Litigants have a right to have the jury instructed on every reasonable theory presenting a basis of a claim or relief, or defense thereto, where such theory finds support in the pleadings and evidence.") In support of this argument SRCC states that a "legally correct and very significant exposition of the elements of recovery" upon its third-party claim was offered in its Requested Jury Instruction No. 35. That requested instruction was based on a theory of superseding cause, which theory was adequately covered by the court in Jury Instruction No. 7.

**3.** Jury Instruction No. 20 reads as follows:
You are instructed that a governmental entity such as the Highway District shall not be liable for any claim which arises out of a governmental employees' (sic) actions that are in reliance upon or are in the performance of a statutory or regulatory function, whether or not the stat-

ute or regulation be valid, provided the governmental employee exercised ordinary care.
To execute or perform a statutory or regulatory function is to implement or make operational a policy. An operational activity is one that involves routine, everyday matters not requiring evaluation of broad policy factors.

■ This Court has long adhered to the rule that when the instructions given by the trial court are correct insofar as they go, one cannot complain of the failure to give additional instructions if none were requested. *Ross v. Coleman Co.*, 114 Idaho 817, 829, 761 P.2d 1169, 1181 (1988); *Holland v. Peterson*, 95 Idaho 728, 730, 518 P.2d 1190, 1192 (1974). Because SRCC did not proffer any other theories of recovery in its requested jury instructions, it may not now assert that the trial court erred by failing to instruct the jury as to other possible theories of recovery.

■ SRCC also argues that it was prejudicial error for the trial court to give several instructions specific to SRCC's duty of reasonable care, while no specific instructions were given regarding the Highway Districts' duty of care. SRCC did not request any specific instructions on the Highway Districts' duty to the plaintiffs. Nor does SRCC now argue that the Highway Districts are to be held to a higher standard than that of reasonable care under the circumstances. Furthermore, three [4] of the seven instructions which SRCC argues were specific to its duty of care were equally applicable to the Highway Districts. The remaining four instructions specifically addressed SRCC's rights and duties as a dam operator, and were derived from the express language of our decision in *Burgess I.* In addition to these instructions, which SRCC argues were unduly repetitive and thereby prejudicial, one general negligence instruction was given which was equally applicable to both parties, and the court's instruction on proximate cause specifically addressed the possibility that there could be more than one proximate cause of the plaintiffs' damages.

As we held in *Ryals v. Broadbent Dev. Co.*, 98 Idaho 392, 396, 565 P.2d 982, 986 (1977), *overruled on other grounds by Seppi v. Betty*, 99 Idaho 186, 579 P.2d 683 (1978), where instructions regarding one party's duty overlap or are repetitive, they do not unduly emphasize one theory of the case if they each perform a different, legitimate function. This Court observed in *Stuchbery v. Harper*, 87 Idaho 12, 390 P.2d 303 (1964), that:

> In explaining and clarifying the issues and defining terms in an action involving negligence, contributory negligence, proximate cause, and burden of proof, some repeated reference to these terms and issues is necessary. In his instructions, the trial judge should avoid unnecessary repetition and make the instructions as brief and concise as possible. However, clarity

---

4. Jury Instructions No. 12 reads as follows:

> The care which an actor is required to exercise to avoid being negligent in the doing of the act or acts is that which a reasonable person in his or her position, with his or her information and reasonable competence, would recognize as necessary to prevent an unreasonable risk of harm to another.
> In determining the care that a person is required to exercise in the doing of the act or acts, the standard of care varies with the danger involved in his or her act, and is proportionate to it. The greater the danger, the greater the care which must be exercised.

Jury Instruction No. 13. reads as follows:

> You are instructed that a person is under a duty to exercise such reasonable care, technical skill and ability, and diligence as is ordinarily required of a person for the protection of any persons who foreseeably and with reasonable certainty might be injured by the failure to exercise reasonable care.
> You are further instructed that if a person possesses such superior attributes of knowledge, perception, memory, intelligence and judgment, that person must exercise the superior qualities he possesses, or in other words, the standard of care by which the person is judged is that of one with superior attributes. If he fails to exercise the superior skills that he possesses, and damages result to another, he is liable for such damages.

Jury Instruction No. 17 reads as follows:

> Having the means to obtain knowledge is the equivalent in law to possessing the knowledge. If it appears from the evidence in this case that a person had information which would lead a reasonable prudent person to make inquiry through which he or she would surely learn certain facts, then they are deemed to have actual knowledge of those facts, the same as if he or she had actually learned these facts. That is to say, the law will charge a person with notice and knowledge of whatever he or she would have learned, had they made inquiry, if it would have been reasonable to expect a person to make inquiry under the circumstances. Knowledge or notice may also be established by the circumstantial evidence. If it appears that a certain condition has existed for a substantial period of time, and that person had regular opportunities to observe the condition, then you may draw the inference that such person had knowledge of the condition.

is of paramount importance and is not to be sacrificed to brevity.

*Id.* at 20, 390 P.2d at 307 (citations omitted).

 Here, the four instructions which were specific to SRCC's duty of care as a dam operator were derived from *Burgess I* as the law of the case. In light of the earlier appeal of this matter, clarity of the legal issues involved on re-trial was of paramount importance. Each instruction served a different, legitimate function. Therefore, we find as a matter of law that the instructions were not unduly repetitious and prejudicial. Furthermore, as previously noted, where the instructions given were correct insofar as they went and SRCC did not request any further instruction on the Highway Districts' duty, SRCC may not now complain that the trial court's failure to give specific instructions on the Highway Districts' duty was error. *Ross,* 114 Idaho at 829, 761 P.2d at 1181; *Holland,* 95 Idaho at 730, 518 P.2d at 1192.

### D. THE TRIAL COURT'S EVIDENTIARY RULINGS WERE NOT AN ABUSE OF DISCRETION.

 SRCC argues that it was error for the trial court to deny its use of the 1984 tort claim notices filed by some of the plaintiffs as evidence of prior inconsistent statements for impeachment purposes. SRCC desired to use the notices to impeach testimony by some of the plaintiffs to the effect that the Highway Districts were not responsible for their losses.

 The trial court excluded the use of the tort claim notices pursuant to I.R.E. 403,[5] as being more prejudicial than probative. A trial court's conclusion regarding whether the probative value of proffered evidence is outweighed by its unfair prejudice is

reviewed under an abuse of discretion standard. *State v. Rhoades,* 119 Idaho 594, 603, 809 P.2d 455, 464 (1991). The test for whether a trial court has abused its discretion is three-fold: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Rhodehouse v. Stutts,* 125 Idaho 208, 213, 868 P.2d 1224, 1229 (1994).

The trial court based its decision to exclude use of the tort claim notices on this Court's rulings in *Curtis v. Canyon Highway Dist. No. 4,* 122 Idaho 73, 831 P.2d 541 (1992), *overruled on other grounds by Lawton v. City of Pocatello,* 126 Idaho 454, 886 P.2d 330 (1994), and *McLean v. City of Spirit Lake,* 91 Idaho 779, 430 P.2d 670 (1967). In *Curtis,* we held that a complaint does not rise to the level of an admission by a party opponent. *Curtis,* 122 Idaho at 84, 831 P.2d at 552. In *McLean,* we held that the main purpose of Idaho's tort claim notice statute[6] is not to require such a statement of the circumstances as to show an absolute liability, but rather to provide such information that a full investigation of the alleged cause of the injury may be made and the entity's potential liability assessed. *McLean,* 91 Idaho at 782, 430 P.2d at 673.

In excluding the use of the tort claim notices as prior inconsistent statements, the trial court reasoned that, because the purpose of a tort claim notice is merely to give notice not to assert liability, it carries even less evidentiary weight than the pleadings of a complaint. Thus, it concluded, in accordance with our rulings in *Curtis* and *McLean,* that the probative value of the tort

---

5. **I.R.E. 403. Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.**—Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

6. **I.C. § 6–906. Filing claims against political subdivision or employee—Time.**—All claims

against a political subdivision arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

claim notices was substantially outweighed by their potential to confuse or mislead the jury.

Because the trial court correctly viewed the ruling as one calling for the exercise of its discretion, acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason, we cannot find, as a matter of law, that the trial court abused its discretion in excluding the use of the tort claim notices for impeachment purposes.

## E. EXCLUDED TESTIMONY

 SRCC argues that the trial court erred in excluding a portion of the opinion testimony of its expert Mr. Stan Postma, whose opinion was based on data gathered after the discovery cutoff date set by the court.

 When reviewing an evidentiary ruling on expert testimony, our inquiry is limited to whether the challenged ruling was an abuse of the trial court's discretion. *Hopkins v. Duo–Fast Corp.* 123 Idaho 205, 210, 846 P.2d 207, 212 (1993). Error may not be predicated upon a ruling which admits or excludes evidence unless the ruling is a manifest abuse of the trial court's discretion and a substantial right of the party is affected. I.R.E. 103; I.R.C.P. 61; *Hake v. DeLane,* 117 Idaho 1058, 1065, 793 P.2d 1230, 1238 (1990).

In excluding the testimony, the trial court reasoned that its ruling regarding the Postma testimony must be consistent with a similar ruling it made in response to an objection by SRCC. That ruling excluded a portion of the opinion testimony of the plaintiffs' expert because it was based on data gathered after

the discovery deadline. Because the trial court reached its decision by an exercise of reason and well within the outer boundaries of its discretion to admit or exclude evidence in accordance with the rules of evidence, no error was committed.

 SRCC next argues that the trial court erred in excluding other testimonial evidence. It is well established that a trial court has considerable discretion to exclude evidence for reasons of foundation, or that the evidence is confusing, and could have been interpreted in many different ways.[7] *State v. Winn,* 121 Idaho 850, 854, 828 P.2d 879, 883 (1992). Likewise, a trial court's limitation on the scope of cross-examination is reviewed under an abuse of discretion standard.[8] *See Rosenberg v. Toetly,* 94 Idaho 413, 419, 489 P.2d 446, 452 (1971). A trial court's decision to admit or exclude hearsay evidence will not be overturned absent a clear showing of abuse of discretion.[9] *State Dep't of Health & Welfare v. Altman,* 122 Idaho 1004, 1007, 842 P.2d 683, 686 (1992).

 The evidence which SRCC argues was erroneously excluded includes cumulative testimony by its expert, Mr. William Swiger. The record reveals that SRCC's counsel posed three separate questions to Mr. Swiger regarding his opinion of the reasonableness of designing and constructing a downstream crossing without taking an upstream dam's spillway capacity into consideration. Although the trial court did not cite a specific rule of evidence for its ruling, SRCC's cumulative line of questioning could properly be excluded pursuant to I.R.E. 403. In addition, the court excluded testimony by SRCC's expert, Mr. Barnett, based on data gathered four years after the 1984 flood. The trial court excluded this testimony as being too remote in time from the events in

7. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." I.R.E. 403.

8. "Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." I.R.E. 611(b).

9. Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." I.R.E. 801(c). "Hearsay is not admissible except as provided by [the Idaho Rules of Evidence] or other rules promulgated by this Court." I.R.E. 802. Hearsay within hearsay is not admissible unless each part of the combined hearsay statements conforms with an exception to the hearsay rules. I.R.E. 805.

issue. Again, the trial court did not cite to a specific rule in excluding this evidence, but it could properly be excluded as irrelevant pursuant to I.R.E. 401.

▆▆▆ SRCC also argues that the trial court improperly excluded testimony by Mr. Barnett on re-direct examination as being outside the scope of either SRCC's direct examination or the plaintiffs' cross-examination. However, a review of the trial transcript supports the trial court's ruling, pursuant to I.R.E. 611. Finally, SRCC argues that the trial court erred in excluding a portion of the minutes from a post-event meeting of the Buhl Highway District board of directors. However, the excluded portion of the minutes contained hearsay statements allegedly made by persons not in attendance at the meeting, and thus were properly excluded pursuant to I.R.E. 801(c), I.R.E. 802, and I.R.E. 805.

Because SRCC has failed to show that the challenged evidentiary rulings were an abuse of the trial court's discretion, or that the exclusion of the above cited testimonial evidence affected its substantial rights, no error may be predicated on these rulings.

### F. DENIAL OF SRCC'S MOTION FOR A NEW TRIAL WAS NOT IN ERROR.

▆▆▆ Any motion for a new trial based on error in law within subdivision 7 of IRCP 59(a), must set forth the factual grounds therefor with particularity. I.R.C.P. 59(a)(7). On appeal, this Court will not reverse a trial court's order granting or denying a motion for a new trial "unless the court has manifestly abused the wide discretion vested in it." *Jones v. Panhandle Distribs., Inc.*, 117 Idaho 750, 755, 792 P.2d 315, 320 (1990) (quoting *Quick v. Crane*, 111 Idaho 759, 770, 727 P.2d 1187, 1198 (1986)).

▆▆▆ The only errors of law cited by SRCC in its motion for a new trial were the court's exclusion of the tort claim notices and the admission of testimony by two plaintiffs, on cross-examination by the Highway Districts, to the effect that the districts were not responsible for their losses. We have concluded that the trial court did not err in the exclusion of the tort claim notices as evidence

of prior inconsistent statements. Thus, the only remaining grounds upon which SRCC can now argue that its motion for a new trial should have been granted is error in the admission of the plaintiffs' lay opinion testimony exculpating the Highway Districts.

In support of its motion for a new trial, SRCC argues that admission of the testimony was unduly prejudicial given the trial court's exclusion of the tort claim notices for impeachment purposes. SRCC argues that admission of the testimony, without a meaningful opportunity to impeach the credibility of the witnesses' statements on cross-examination, denied its right to a fair trial.

▆▆▆ "If the witness is not testifying as an expert, the testimony of the witness in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the testimony of the witness or the determination of a fact in issue." I.R.E. 701; *see State v. Missamore*, 119 Idaho 27, 32, 803 P.2d 528, 533 (1990). Admission of lay opinion testimony is reviewed under an abuse of discretion standard. *Missamore*, 119 Idaho at 32, 803 P.2d at 533.

▆▆▆ No error in either the admission or the exclusion of evidence is grounds for granting a new trial or for setting aside a verdict unless refusal to take such action appears to the court to be inconsistent with substantial justice. I.R.E. 103; I.R.C.P. 61; *Hake v. DeLane*, 117 Idaho 1058, 1065, 793 P.2d 1230, 1238. The court at every stage of a proceeding must disregard any error or defect which does not affect the substantial rights of the parties. *Id.*

When the evidence against SRCC is viewed as a whole, even if admission of the plaintiffs' lay opinion testimony were error, such error would have been harmless. Consequently, the trial court's denial of SRCC's motion for a new trial was not an abuse of its discretion.

### III.

### CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court entered upon

the jury's verdict in favor of the Highway Districts, and we affirm the trial court's order denying SRCC's motion for a new trial. Costs on appeal are awarded to the Highway Districts.

JOHNSON, TROUT and SILAK, JJ., and WOODLAND, J. Pro Tem., concur.