**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47993**

<table>
<tr><td>STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>STEVEN EUGENE JUSTICE, JR.,<br><br>      Defendant-Appellant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>**Filed: October 5, 2021**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED**<br>**OPINION AND SHALL NOT**<br>**BE CITED AS AUTHORITY**</td></tr>
</table>

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for lewd conduct with a minor child under sixteen, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Steven Eugene Justice, Jr. appeals from his judgment of conviction for lewd conduct with a minor child under sixteen (A.G.). Idaho Code § 18-1508. Justice argues the district court abused its discretion by granting the State's motion in limine. The district court excluded all evidence about Justice and A.G.'s medical histories related to gonorrhea. The district court reasoned the gonorrhea evidence, without expert testimony, had substantial risk of confusing the jury. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2019, Kelly G. (Kelly) walked into her daughter's room to find Kelly's adult brother, Steven Justice, on top of her fifteen-year-old daughter, A.G. Kelly could see that Justice had his pants pulled down and A.G. was wearing a skirt but no underwear.

1

The next day, Kelly and her husband Andrew contacted law enforcement and reported the sexual contact between Justice and A.G. Justice was tested for sexually transmitted diseases (STD) and tested positive for gonorrhea. On the same day, A.G. was taken to complete a sexual assault examination. Part of the examination included providing prophylactic medication for gonorrhea and chlamydia as a proactive measure. No STD testing was conducted during the exam. Justice was charged with lewd conduct with a minor child under sixteen.

Before trial, the State filed a motion in limine to preclude Justice from eliciting any testimony or evidence related to Justice or A.G.'s history, diagnosis, prognosis, or treatment of any sexually transmitted diseases. The district court conditionally granted the motion in limine. The jury found Justice guilty of lewd conduct with a minor child under sixteen. Justice timely appeals.

## II.

## STANDARD OF REVIEW

A trial court's determination under Idaho Rule of Evidence 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Justice argues the district court abused its discretion by excluding evidence under I.R.E. 403 that Justice tested positive for gonorrhea and that A.G. did not have gonorrhea. The State argues that Justice failed to establish a foundational fact, that A.G. did or did not have gonorrhea, in order to establish that the proposed evidence was relevant. The State further asserts that the district court correctly excluded the evidence and that, alternatively, any error was harmless.

Even when evidence is relevant under I.R.E. 401, I.R.E. 403 requires the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair

2

prejudice, confusing the issues, misleading the jury . . . ." Evidence is confusing or misleading when it could be interpreted in many different ways. *Burgess v. Salmon River Canal Co.*, 127 Idaho 565, 574, 903 P.2d 730, 739 (1995).

Justice argues the district court's analysis was without reason and arbitrary because the transmission of gonorrhea during multiple unprotected sexual encounters is common knowledge to a jury. Justice argues the court was wrong to only focus on the one alleged sexual encounter and likelihood of transmission when A.G. had reported multiple unprotected sexual encounters. Therefore, Justice argues the district court's analysis is unreasonable because the evidence is clear and easily understood by the jury. Lastly, Justice argues it is up to the jury to weigh the significance of the evidence that he had gonorrhea and A.G. did not (although whether A.G. had gonorrhea or not was never established).

The State argues that without an expert witness, the information is misleading and confusing. The State contends that the district court was correct in determining that although the sexual nature of STDs is common knowledge, issues relative to the transmission of an STD are not necessarily in the common knowledge of an average juror. The State further argues this evidence has no probative value because no STD test was conducted during A.G.'s sexual assault examination and, even more so, A.G. was given prophylactic medication which would treat gonorrhea and explain any lack of symptoms.

The district court determined the STD evidence was relevant "provided that the evidence would be that the alleged victim doesn't have gonorrhea." The district court then turned to weigh the evidence pursuant to I.R.E. 403. The district court determined that an expert witness was necessary to help the jury understand transmission rates and circumstances and how to interpret evidence of both Justice and A.G.'s STD history, diagnosis, prognosis, or treatment. Ultimately, the district court determined that without an expert, the probative value of the evidence was substantially outweighed by danger of unfair prejudice, confusion of the issues, and misleading the jury.

The district court found that it is common knowledge that STDs are transmitted sexually, but that knowledge regarding the likelihood of transmission was not. The court was concerned with what sort of weight the jury was supposed to give to an alleged sexual encounter with a man who has gonorrhea and an alleged victim who ostensibly does not. The court also questioned the

probative value of the evidence in light of the lack of evidence of whether A.G. did not have gonorrhea.

The court reasoned that to hear this evidence without an expert witness to testify about the likelihood of transmission and when gonorrhea can be contracted, the jury is left to decide what to do with the information that "he's got it, she doesn't" in a "void of medical information." The district court recognized a strong potential for the jury to weigh the evidence in a way that may well be inconsistent with the actual likelihood of transmission, creating a strong potential for unfair prejudice, for confusion of the issues, and for misleading the jury. The district court found that the evidence was not "something that ultimately aids in the fair resolution of the case in the absence of an expert who can testify to the transmission rates and the likelihood of transmission, the circumstances under which transmission is possible, things of that nature."

The district court has broad discretion in the admission and exclusion of evidence. *State v. Perry*, 139 Idaho 520, 521, 81 P.3d 1230, 1231 (2003). Here, the district court correctly perceived the issue as one within the court's discretion and acted within the bounds of its discretion. The district court correctly identified the I.R.E. 403 issue and thoughtfully applied the rule to the evidence. Ordinarily, untrained persons who make up a jury are not experts on gonorrhea and cannot be assumed to know its symptoms, presentation, methods of transmission, rates of transmission, whether transmission can occur if a person is symptomatic or asymptomatic, the likelihood of transmission based on gender or based on specific types of sexual contact, and the like. Without the contextual medical information, the risk of the jury weighing the STD evidence in a manner inconsistent with its actual medical import is substantial.

The district court employed thoughtful and clear reasoning in determining an expert witness was necessary to tie together and provide context to the limited evidence Justice could offer. The district court correctly determined that, in the absence of expert testimony, the relevance of the evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Therefore, the district court did not abuse its discretion when granting the State's motion in limine to conditionally[1] exclude all evidence about Justice and A.G.'s history, diagnosis, prognosis, and treatment of STDs.

---

[1] Justice did not call an expert to describe medical issues relative to the transmission of gonorrhea.

4

**IV.**

**CONCLUSION**

The district court did not err in granting the State's motion in limine. Accordingly, Justice's judgment of conviction and sentence for lewd conduct with a minor child is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.